# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

NOVEMBER TERM, 1914.

MARY GERBA, respondent,

*v.*

MIKE MITRUSKE, appellant.

[Submitted December 7th, 1914.   Decided March 1st, 1915.]

1. A vendor is entitled to a decree of specific performance, where time of performance is not of the essence of the contract, if he can, at the time of the decree, give a clear title.

2. As a general rule, in equity, time is not deemed to be of the essence of the contract unless the parties have so treated it, or it · necessarily follows from the nature and circumstances of the contract.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported *ante p. 79.*

*Mr. Thomas Brown* and *Mr. Freeman Woodbridge,* for the appellant.

*Mr. Adrian Lyon,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

By the bill in this case the complainant, Mary Gerba, sought the specific performance of a contract made by her and the defendant for the sale of certain lands to him owned by her, and located in the city of Perth Amboy. The defence set up by the answer was that, at the time of the filing of the bill, the complainant was unable to make a good title, by reason of the fact that there was then in existence a prior valid agreement made by her with one Kish for the sale of the same premises, which had been duly recorded, and second, that the building upon the lot which was the subject of the agreement extended beyond the property lines of the complainant and upon lands belonging to a stranger.

The agreement sought to be enforced was made on the 27th day of September, 1911, and provided for the conveyance of the property by a deed of general warranty, free from all encumbrances, on or before the 1st day of November then next ensuing. The agreement between the complainant and Kish was entered into on the 11th day of September, 1911, was recorded on the 17th day of October of that year, and was to be performed on the 24th day of that month. The present bill was filed on the 29th of December, 1911. The defendant's answer was not filed until July 28th, 1913.

The one hundred and sixteenth section of the act relating to conveyances (*Comp. Stat. p. 1573*) provides that every agreement for the sale of land thereafter recorded shall be absolutely void as against subsequent judgment creditors of the vendor, and as against subsequent purchasers and mortgagees for value of the lands, unless the vendee within three months after the date fixed in such agreement for its consummation shall commence suit for the specific performance of the said agreement or for its rescis-

sion. By force of this statutory provision the agreement between the complainant and Kish became void on the 24th day of January, 1912, so far as subsequent purchasers were concerned, unless Kish on or before that day commenced suit as required by the statute. This he did not then do, or at any time thereafter; and, so, although his agreement was in force at the time of the filing of the bill, it had become null and void as to the defendant before the filing of the latter's answer.

The hearing in the court of chancery resulted in a decree directing performance of the contract; and from that decree defendant now appeals.

The principal question presented by the appeal is whether a decree compelling the defendant specifically to perform his contract can be legally justified, in view of the fact that, at the time fixed by the contract for the transfer of the title, and even when the bill was filed, the land was encumbered by the prior agreement.

The prevailing rule, with relation to cases of this kind, is that where the time of performance is not of the essence of the contract the complainant is entitled to a decree, if a clear title can be given by him at the time of the making thereof. *Oakey* v. *Cook, 41 N. J. Eq. 350, 364; Moore* v. *Galupo, 65 N. J. Eq. 194; Agens* v. *Kock, 74 N. J. Eq. 528.* The rights of the parties in the present case must therefore depend upon whether time was of the essence of this particular contract. We think it was not. As a general rule, in equity, time is not deemed to be of the essence of the contract unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract; and, so, equity will enforce the specific performance of agreements after the time fixed for their performance has been suffered to pass by the party asking for the intervention of the court, unless the facts submitted show that the parties to the contract intended that time so fixed should be of its essence. *Huffman* v. *Hummer, 17 N. J. Eq. 263; King* v. *Ruckman, 21 N. J. Eq. 599.* Our examination of the facts in the present case discloses nothing to indicate that the time of performance was considered a matter of importance by either of the parties, but rather the contrary, for when the contract was made

the principal inducement for making it, so far as the defendant was concerned, was the permanent possession of premises which he was already occupying as lessee, and he remained undisturbed in that possession until the 1st of April, 1912, three months after the filing of the bill.

We conclude, therefore, that the existence of the Kish agreement at the time of the filing of the bill afforded no ground for refusing the complainant the relief which she sought, in view of the fact that it had become null and void as to the defendant prior to the time of the making of the decree.

As to the second defence set up in the answer, we are entirely content with the disposition of it made by the court below, and have nothing to add to what was said by the vice-chancellor in the memorandum opinion filed by him.

The decree under review will be affirmed.

*For affirmance*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Bogert, Vredenburgh, White, Terhune, Williams—14.

*For reversal*—None.