HARRY KESSLER, APPELLANT, v. DAVID FUCHS,
RESPONDENT.

Argued November 23, 1920—Decided February 28, 1921.

1. A parol executory contract for the sale of goods may be discharged by an express agreement, either in writing or by word of mouth, that it shall no longer bind either party, and this is so whether or not the original contract is one required by the statute of frauds to be in writing.

2. The general rule is that if the principal asserts the authority of the agent to rescind a sale of goods, third parties will not be heard to deny it. Accordingly, where the agent agrees with the vendee to a rescission of the sale, and the agent's principal asserts the authority of the agent to so rescind, the vendee will not be heard to deny the agent's authority.

On appeal from the Supreme Court.

For the appellant, *Arthur H. Bissell.*

For the respondent, *Hudson & Joelson* and *Walter R. Hudson.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below brought this action to recover damages claimed to have resulted from the defendant's failure to deliver two hundred pieces of silk sold to the plaintiff.

The jury, at the Passaic Circuit, rendered a verdict for the defendant and the plaintiff appeals from the consequent judgment.

We are of the opinion that the judgment should not be disturbed.

At the trial the plaintiff admitted that he received from the defendant, and had paid for, ninety-four of the two hundred pieces mentioned, and the defendant admitted that he had not delivered the remaining one hundred and six pieces. The defence was that the defendant was not required to de-

liver the one hundred and six pieces because the contract therefor was rescinded or canceled by mutual consent.

The plaintiff (appellant) first contends on this appeal that, in view of the statute of frauds, this written agreement for the sale of goods could not be rescinded or canceled by word of mouth. But that is not so. As a matter of fact the original agreement seems to have been partly written and partly oral, but that is not important. The rule is that a parol executory contract for the sale of goods may be discharged by an express agreement that it shall no longer bind either party, and this may be done by writing or by word of mouth, and this is so whether or not the original contract is one required by the statute of frauds to be in writing. See cases collected in 25 *R. C. L.* 712.

But the appellant further contends that, even so, there was no legal evidence of such rescission or cancellation by mutual consent, and he insists that the judge erred in not so directing the jury.

The solution of the comprehensive question thus raised will dispose of every remaining question argued on this appeal, though variously stated.

Now, the record discloses that the sales agent of the defendant testified that after the ninety-four pieces of silk (not now in question) had been delivered, he and the plaintiff, at the instance of the latter, agreed to the cancellation of the order for the remaining goods now in question. But that is not all. Another witness for the defendant testified that later the plaintiff admitted that the contract had been so canceled. True, the plaintiff at the trial denied that there had been a cancellation of the contract, but, as this case is presented to us, it is not our function to determine the truth of this matter. Nor is the reason which actuated the plaintiff in suggesting or acquiescing in a rescission of the contract of any importance. We are not concerned with whether it was because he was not fully satisfied with the goods previously delivered, or because of the falling market, as the defendant insists. The important and controlling factor is that the evidence referred

to raised a question with respect to rescission which the judge was required to submit to the jury.

In this same connection the appellant argues that there was no legal rescission of the contract because, as he contends, the defendant's sales agent had no authority to rescind it.

But that argument cannot avail the appellant. We have not stopped to examine the record for evidence of *express* authority of the sales agent to rescind the contract of sale, nor for acts and conduct of the defendant the equivalent to a grant of *express* authority. It is sufficient, in the instant case, to say that the general rule is that if the principal asserts the authority of the agent to rescind a sale of goods, third parties will not be heard to deny it. Accordingly, where, as here, the agent agrees with the vendee to a rescission of the sale, and the agent's principal asserts the authority of the agent to so rescind, the vendee will not be heard to deny the agent's authority. *Sturtevant* v. *Orser*, 24 *N. Y.* 538.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.