MINNIE ROSE and JULIUS A. ROSE, complainants-respondents,

*v.*

WOJCIECH WISNIEWSKI and STEFANIA WISNIEWSKI, defendants-appellants.

[Submitted October term, 1932.   Decided January 31st, 1933.]

*Messrs. Hershenstein, O'Brien & Tartalsky (Mr. Samuel Tartalsky,* of counsel), for the appellants.

*Mr. Maurice C. Brigadier,* for the respondents.

The opinion of the court was delivered by

HETFIELD, J.

The parties involved in this suit, entered into a contract on April 14th, 1931, which provided for the exchange of certain real estate.   The complainants were to convey property situated at No. 305 Cator avenue, Jersey City, and the defendants in exchange were to convey premises situated at No. 8 Gregory street, Jersey City.   Deeds were to be delivered on May 15th, 1931.   After the agreement had been executed, it was discovered that the premises which the complainants

had agreed to convey, were subject to an outstanding dower interest of one Elizabeth C. Lyons, wife of one of the former owners, but the parties agreed that if the complainants could obtain a title policy from the New Jersey Title Guaranty and Trust Company, the defendants would take title. The complainant procured the policy, and in addition, filed a bill to quiet title as against the said Elizabeth C. Lyons, and obtained a decree on September 2d, 1931. The complainants notified the defendants on two occasions, that they were ready to carry out the terms of the contract, and deliver the deed of their property. The last notice stated, in substance, that the complainants would be present at the office of the defendants' counsel, on September 8th, 1931, at one P. M., for the purpose of tendering a deed, pursuant to the contract. The complainants appeared accordingly, and were informed by the defendants' attorney, that his clients refused to take title. A bill was then filed, seeking specific performance of the contract; and the defendants' answer alleged, among other things, that at the time fixed for the closing of title, there existed on the complainants' premises certain structural tenement house violations, which were contrary to the terms of the contract. It appears that the contract contained the following clause:

"Each of the parties agree that the respective premises shall be conveyed free of any structural tenement house violations to be shown by certificate of the secretary of the Jersey tenement house board. All other tenement house violations, if any, are to be assumed by the respective purchasers."

The violations complained of referred to the drainage of the yard, repair of glass in windows, painting of fire escape, providing landing platform for balcony, and repair of walls and ceilings throughout the house. The learned vice-chancellor found, and we think properly so, that none of these violations, with the exception of the balcony platform, were structural in nature, and therefore, according to the terms of the contract, were in the class of repairs which were to be assumed by the purchasers of the property. He further found, that at

the time of the hearing, most of the work necessary to remedy the balcony violation, had been performed, and what remained was of inconsequential importance. However, it is conceded by the appellants, that the balcony violation was removed on November 4th, 1931, which was prior to the entry of the final decree directing the defendants to specifically perform the contract in question.

The appellants contend that time was made of the essence of the contract by the complainants' notice, stating that on September 8th, 1931, they would appear at the office of the defendants' attorney, ready to carry out the terms of the contract, and that the complainants were unable to conform with the terms of the contract on that date, by reason of the structural tenement house violations which then existed. We do not think the complainants' notice made time of the essence, as there was nothing contained therein to that effect, or that it would be rescinded if not closed on the date mentioned, but simply stated that they were ready to deliver the deed pursuant to the terms thereof, on a certain fixed date; and it is a well settled rule in equity, that time is not of the essence of a contract for the sale of lands, but may become of the essence, either by being made so by the contract itself, or by *express notice given, requiring the contract to be closed or rescinded at a stated time,* which must be reasonable. *Vautrinot* v. *Booth, 105 N. J. Eq. 211.* It is admitted that the violation did not exist at the date of the decree directing the defendant to specifically perform; and time not being of the essence of the contract, it was sufficient if the vendors could give a clear title when the decree was entered, although they could not do so when the bill was filed. *Gerba* v. *Mitruske, 84 N. J. Eq. 141.*

The decree under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD WELLS, KERNEY, JJ. 13.

*For reversal*—None.