11 N.J. Super. 236 (1951)
78 A.2d 279
ROSE SCHLECTER, PLAINTIFF-RESPONDENT,
v.
PHILIP HOLLANDER AND MATILDA HOLLANDER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1950.
Decided January 17, 1951.
*238 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Huyler E. Romond argued the cause for the plaintiff-respondent (Mr. John E. Toolan, attorney).
Mr. Morris N. Hartman argued the cause for the defendants-appellants (Mr. Dougal Herr, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendants appeal from the judgment of the Chancery Division for specific performance of an agreement to sell to plaintiff, Rose Schlecter, certain real estate situate in South River, Middlesex County, this State.
The defendants advance as their grounds for a reversal of the judgment: (1) the agreement was mutually rescinded; (2) the alleged parol extension of the agreement was void under the Statute of Frauds; (3) the parol extension of the contract was void as indefinite and for an unreasonable length of time; (4) specific performance should not have been *239 granted because the evidence on the merits is not clear, cogent and convincing; and (5) specific performance should have been denied on the ground that it would result in injustice and inequity.
The factual findings of the Chancery judge are as follows: On September 11, 1944, the parties executed an agreement for the sale of said realty at the office of Stanley S. Dickerson, a member of the bar of this State. Whereupon, plaintiff delivered to Dickerson a check payable to him for the down payment of $50, which, in turn, Dickerson endorsed and delivered to the defendant, Philip Hollander. Dickerson was retained by the plaintiff to make a search of the property to ascertain the status of defendants' title. Final closing and settlement were set by the terms of the agreement for October 2, 1944. Time was not made of the essence of the agreement. Dickerson discovered several judgments against predecessors in title to Philip Hollander, and so informed Hollander. Thereafter Dickerson, at the apparent request of Hollander, undertook to and succeeded in clearing the title to the land involved of all encumbrances except a judgment of the Jamesburg-South River Hebrew Association. On or about December 8, 1944, Dickerson learned that the Court of Chancery had declared invalid an Arkansas divorce obtained by Philip Hollander against Margaret Hollander, his first wife, as a consequence of which she had an outstanding dower interest. Shortly thereafter Dickerson advised Mr. Hollander that defendants could not convey complete title because of the first wife's dower. On January 3, 1945, Dickerson on behalf of Philip Hollander was still attempting to cancel the judgment held by the Jamesburg-South River Hebrew Association. Dickerson, on several occasions thereafter, made unsuccessful attempts through conversations with one Katz, attorney for Margaret Hollander, to obtain a release of her interest in the realty. The evidence negated the contention that there was a rescission of the contract; in fact, the court found that the affirmative testimony supported the view that the contract was considered valid and subsisting, that one outstanding instance in substantiation thereof is to be found in the circumstance *240 that plaintiff purchased a contiguous parcel of realty anticipating the use of both parcels for the erection of a house; that Margaret Hollander's inchoate right of dower was extinguished when she obtained a divorce from Philip on July 29, 1949.
The trial court further determined that the plaintiff had never agreed to the acceptance of the return of the deposit check nor to a rescission of the contract and, consequently, there had never been a mutually effective rescission; that the plaintiff was not guilty of laches, in view of "the fact that the action was commenced on July 22, 1949, actually seven days before the plaintiff could in any event have succeeded in a suit for specific performance;" that the parol agreement for the extension merely enlarged the time for performance, that it did not alter or vary the terms of the agreement and, therefore, it was not violative of the Statute of Frauds.
Our review of the record satisfies us that there was sufficient competent evidence to support the factual findings of the Chancery judge. Therefore, we find no justification for disturbing them. State v. Richardson, 4 N.J. Super. 503 (App. Div. 1949).
As to defendants' contention that the agreement was mutually rescinded, the parties are in accord as to the applicable law, that an executory contract within the Statute of Frauds may be rescinded by parol. Kessler v. Fuchs, 95 N.J.L. 443 (E. & A. 1921). The defendants contend, however, that the deposit check was returned to attorney Dickerson upon plaintiff's demand on the ground that the defendants were unable to give good title. The Chancery judge found "* * * as a fact that the plaintiff never agreed to a rescission and that Dickerson had no authority to consent for her." We concur in this finding and conclude, therefore, that there is no merit in this contention.
With respect to defendants' contention that the parol extension of the agreement is void under the Statute of Frauds, the parties concede that a contract in writing under the Statute of Frauds cannot be extended by a subsequent parol agreement if the terms of the original contract are *241 altered, but where the parol agreement merely enlarges the time of execution, the agreement may be extended by parol. Stryker v. Vanderbilt, 25 N.J.L. 482 (Sup. Ct. 1856); Nissel v. Swinley, 76 N.J.L. 288 (Sup. Ct. 1908); Dooley v. Kushin, 105 N.J.L. 595 (E. & A. 1929). The Chancery judge found, and we agree, that the parol agreement did not alter or vary the terms of the original contract, but merely enlarged the time of execution and, therefore, it was not void under the Statute of Frauds. Stryker v. Vanderbilt, supra; Nissel v. Swinley, supra; Dooley v. Kushin, supra.
We are not in accord with defendants' argument that the parol extension of the contract was indefinite and for an unreasonable length of time and, therefore, void. It is undisputed that time was not of the essence of this particular contract. Consequently, where, as here, the parties have not expressly made time of the essence, the court will enforce the specific performance of agreements after the time fixed for their performance has been suffered to pass by the party asking for the intervention of the court, unless the facts submitted show that the parties to the contract intended that time so fixed should be of its essence. Gerba v. Mitruske, 84 N.J. Eq. 141 (E. & A. 1915); Rose v. Wisniewski, 112 N.J. Eq. 364 (E. & A. 1933); Caldwell B. & L. Ass'n. v. Henry, 120 N.J. Eq. 425 (Ch. 1936).
The defendants contend that the plaintiff, if she believed her contract remained binding on Hollander, should have paid the intervening taxes or offered to do so. It is conceded that the taxes have been paid by Mr. Hollander. In decreeing performance, a court of equity may prescribe equitable conditions. Hulmes v. Thorpe, 5 N.J. Eq. 415, 429 (Ch. 1846); Seven Mile Beach Co. v. Dolley, 71 N.J. Eq. 735, 737 (E. & A. 1907). In view of the fact that the plaintiff has had the use of the agreed purchase price, we think it only equitable that interest thereon be paid to the defendants from October 2, 1944, being the date on which she was entitled to a conveyance, to the date of the filing of the complaint, viz.: July 22, 1949.
*242 We have examined the other grounds advanced by defendants for reversal of the judgment and find no merit therein.
The judgment of the Chancery Division is affirmed, with costs, and the cause is remanded for the entry of a judgment in conformity herewith.