FRANCES D. MAIORAN, complainant-appellant,

*v.*

FRANK CALABRESE, SAM MONISTERE, DOMENCIA CALABRESE, JOSEPHINE MONISTERE and COLUMBIA REALTY COMPANY, defendants-respondents.

[Argued May 24th, 1926.   Decided October 18th, 1926.]

A entered into an agreement with B and C and their respective wives for the exchange of real estate. The deeds called for by the contract were executed and delivered. A claimed that she had been defrauded by B and C by being shown, prior to the making of the contracts, certain lots (referred to as parcel C in the agreement) which were not deeded to her (other lots being deeded to her in place of those shown). A retained a cash payment of $3,000 made by B and C, and parcels A and B conveyed to her, and tendered a deed to parcel C. The tender was refused. A then filed a bill in the court of chancery to obtain a decree for the amount of $4,500, which she claimed was the sum out of which she had been defrauded, and to obtain a lien for this amount on the land conveyed by A to B and C. The bill of complaint was dismissed. *Held*—(1) That the decree of dismissal should be affirmed, as A was obliged to either (a) rescind and restore what she had obtained under the contract, and recover back what she had parted with, or (b) affirm the contract and recover her damages in an action at law; (2) that the bill as framed had no precedent for its support; (3) that A, having waited eight months after knowledge of the fraud, had lost her right of election.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church.

*Mr. David F. Barkman,* for the complainant-appellant.

*Mr. Egidio W. Mascia (Anthony R. Finelli,* of counsel), for the defendants-respondents.

The opinion of the court was delivered by

KATZENBACH, J.

This is an appeal from a final decree of the court of chancery dismissing a bill of complaint. The appellant (the com-

plainant below) in June, 1925, was the owner of a tract of land in Madison, New Jersey. On June 4th, 1925, she entered into an agreement in writing, in which her husband joined, with the respondents (defendants below), for the exchange of real estate. The appellant agreed to convey, on or before July 15th, 1925, the tract in Madison, to the Columbia Realty Company, a New Jersey corporation, whose capital stock was owned by the respondents. The respondents agreed to convey to the appellant three tracts of land, two in the borough of Garwood, in the county of Union, and one, referred to as parcel C in the agreement, located in the township of Cranford in the same county. A cash payment of $3,000 was to be made to the appellant by the respondents. The conveyances were made by the respective parties. The appellant received the cash payment.

The bill of complaint alleges that before entering into the contract the appellant was shown, by two of the respondents, Calabrese and Monistere, the premises supposed to be parcel C, comprising eight lots on a street known as Brunswick avenue. The lots were improved lots. They had water and gas connections. Sidewalks had been laid in front of the lots. Their value was $9,500, subject to a mortgage encumbrance of $5,000; that the said respondents did not convey the Brunswick avenue lots to the appellant, but other lots which were encumbered by a $5,000 mortgage. The bill further alleges that the appellant, upon discovering this alleged fraud, made demand upon the respondents and the Columbia Realty Company, for the return of the purchase price fixed by the appellant at $4,500, and offered to reconvey parcel C to the Columbia Realty Company. This offer the respondents refused. The bill charges fraud and prays that the respondents and the Columbia Realty Company be decreed to secure unto the appellant $4,500 by a mortgage or other security on the premises which the appellant conveyed to the Columbia Realty Company, and that the appellant has a lien thereon for the sum of $4,500 and that in default of payment of the lien the premises be sold.

From the foregoing statement of the substance of the bill of complaint it will be observed that the appellant desires

to rescind a portion of the contract and retain the benefits of other portions thereof. The respondents gave notice of a motion to strike out the bill of complaint upon the grounds of want of equity, no cause of action, and that the remedy, if any, was at law. The vice-chancellor before whom the motion was heard advised a decree dismissing the bill. From this decree the complainant below appeals.

It is well settled that one induced to enter into a contract by fraudulent misrepresentations has a choice of two remedies. The first remedy is that if the party who alleges he has been defrauded desires to rescind the contract on the ground of fraud he must restore to the other party to the contract what he has received, and recover what he has paid or parted with under the terms of the contract. The rescission must be made promptly. *Byard* v. *Holmes, 33 N. J. Law 119; Kvedar* v. *Shapiro, 98 N. J. Law 225.* The other remedy is for the party alleging that he has been defrauded to affirm the contract and institute an action at law for the damages he has sustained. A party cannot pursue or combine both remedies. He must make an election and when the election is made pursue the course chosen. In the present case the appellant seeks to retain the $3,000 paid by the respondents, and parcels A and B conveyed to her by the respondents, restore to the respondents parcel C conveyed to her, and impress a vendor's lien upon the tract conveyed by her to the respondents. Such a potpurri of remedies as the appellant has attempted in the present bill has no basis in reason or sanction in legal precedents. Where rescission is had the measure of damages is the consideration paid plus the amount expended before the discovery of the fraud. Where an action at law for fraud is instituted the measure of damages is the amount the wronged party has lost by the transaction. To countenance the appellant's theory as presented in the bill of complaint would be violative of the well-established legal principles to which reference has been made. Upon the hybrid character of the bill of complaint we think the learned vice-chancellor was fully justified in advising the decree of dismissal.

There is also another ground which in our opinion sustains the decree advised, to which reference should be made. The contract was made on June 4th, 1925. The conveyances were made on July 15th, 1925. The bill was filed on February 11th, 1926, approximately eight months after the contract had been performed. The appellant states that she discovered on August 20th, 1925, that the lots she acquired were not the lots shown her. She, therefore, waited over five months before electing to rescind the contract so far as parcel C was concerned. If such a partial rescission could have been made we think it was not in the present case made with sufficient promptness to entitle the complainant below to proceed in equity. In the case of *Faulkner* v. *Wassmer, 77 N. J. Eq. 537,* this court said, speaking through the late Mr. Justice Garrison: "We agree with the learned vice-chancellor that Mrs. Faulkner purchased the lot in question upon an untrue representation of such a nature that, upon the discovery of its untruth, she was entitled to elect to rescind the sale. We do not, however, agree that such election was still open to her four months later, when the present bill of complaint was filed, declaring for the first time her election to rescind. At this time, viz., November 28th, 1908, her right to elect, which arose on or about July 10th, 1908, no longer existed, not upon the doctrine of laches, discussed in the conclusions filed in the court below, but upon the ground that the lapse of such a length of time under the circumstances afforded plenary proof of an election by her not to rescind, to which conclusive effects should have been given."

The case of *Dennis* v. *Jones, 44 N. J. Eq. 513,* and *Clampitt* v. *Doyle, 73 N. J. Eq. 678,* are interesting authorities upon this point.

The decree dismissing the bill of complaint is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.