On August 27th, 1929, complainants entered into an agreement with the defendant Cador Construction Company, to purchase from it a one-family dwelling at 100 Ernst avenue, Bloomfield, New Jersey. Pursuant to the agreement a warranty deed containing full covenants was given to the complainants by the defendant company on October 7th, 1929.
The contract provided that the conveyance should be free and clear of all encumbrances, excepting a mortgage held by a building and loan association, and "subject to restrictions of record, if any." The deed contained the same recitals as to the mortgage and to the restrictions of record. *Page 2 
The contract and deed described the property as being a certain lot on "Map of property of Cador Construction Company, situated in the Town of Bloomfield, New Jersey, Ernest Baechlin, C.E., October 15th, 1928."
Complainants took possession shortly before title closed in October, 1929, and were in occupancy about one month when a portion of the premises was dug up by employes of the East Jersey Water Company, which company has a right of way over a strip of land east of and partly over the premises purchased by the complainants from the defendant company. The right of way affects approximately one hundred and fifty square feet in the northeast corner of the said premises.
The following day complainant John Kaufhold complained to Carl Sempier, an officer of the defendant company, of the excavating done on his property, but he refused to do anything. Complainants referred the matter to their attorney on February 13th, 1930, and on April 26th, 1930, he filed this bill asking for the rescission of the contract, deed and purchase-money bond and mortgage, and for the return of the purchase-money and the moneys expended for improvements.
Complainants allege that the defendants Carl Sempier and Carl Zimmerer fraudulently represented to them that a title search was unnecessary because a mortgage had recently been placed by a building and loan association, and that a new search by the complainants would entail a useless expenditure. They further represented that the title was good and free from all encumbrance except the mortgage. Complainants allege also that the defendants concealed from them all knowledge of the existence of the easement, and that they refrained from having a search made in reliance upon the defendants' representations.
It is admitted that the easement exists. It has been a matter of record in the office of the register of Essex county for over thirty years. The defendants contend, however, that even though the contract and deed contained no reference to the easement there was a full disclosure by them to the complainants as to its existence; that there was no fraud *Page 3 
or misrepresentation on their part; that the words "subject to restrictions of record, if any," were sufficient to include the easement in view of the beforehand knowledge of the complainants of its existence, and the fact that it is a matter of record; that the reference to the map in the contract and in the deed incorporated the right of way in both documents; that complainants are barred by the doctrine of caveat emptor; and that the complainants are guilty of laches.
I am inclined to the belief that the complainants were fully informed by the defendants of the existence of the right of way before the contract was executed; but that the contract did not contain any reference to it because it was drawn at the home of one of the defendants by his wife, who is not a lawyer, and did not deem it important to recite the easement.
A large map of the tract of land, of which the premises in question formed a part, hung on the wall of the room in which the contract was drawn, and the right of way is plainly shown thereon. The defendants say they pointed out the right of way to the complainants on the map and discussed it with them. Both complainants admit that the map was exhibited to them, but Mr. Kaufhold says he could not read it. At the closing of title a similar map was spread on the table around which the parties sat, and where the complainants and their attorney could readily see it. There is nothing difficult about the map. In clear and distinct lines it shows an easement over this particular lot which reads "East Jersey Water Co. Right of Way."
The complainants had full opportunity to learn of the existence of the easement and are chargeable with the information which they would have received had they used ordinary care. Berger v.Harrison Improvement Co., 108 N.J. Eq. 558.
This property was not sold to the complainants, they bought
it. In August, 1928, the complainants sought out the defendants and asked them to sell it to them and the defendants refused. The complainants came back a year later and renewed their request. One of the defendants wanted the house as his own home, and reluctantly sold it to the complainants. *Page 4 
The defendants did not offer any sales arguments nor make any representations to induce complainants to buy. All of the efforts to make the bargain were exerted by the complainants.
The complainants have the burden of proving their allegations of fraud. "Fraud is a fact that will never be presumed, but must always be clearly and convincingly proved." Pahy v. Pahy,107 N.J. Eq. 538. Complainants have not proved that the defendants were guilty of any fraudulent representations on which they relied. Their failure to make a search, which would have disclosed this easement, was induced, I think, by their desire to avoid the expense. They decided to rely on the title examination made by the building and loan association; and did not make even a continuation search from the date of the bulding and loan association mortgage.
Vice-Chancellor Backes said, in Nass v. Munzing, 100 N.J. Eq. 421,
dealing with a right of way:
"It is, however, conceivable that the contract might be enforced, as drawn, and the complainants be decreed to take the property subject to the easement, for it would not be a strained construction if it were held that the easement was a `restriction' within the meaning of the provision of the contract to convey `subject to restrictions of record,' in view of the forehand knowledge of the complainants of its existence, and the fact that it is a matter of record."
In the case sub judice the complainants had knowledge of the existence of the easement, and it is a matter of record. The recitals in the contract and in the deed, therefore, that the conveyance is subject to restrictions of record are inclusive of this easement.
Furthermore, the map, which showed this easement in unmistakable language, was incorporated by reference into the contract and the deed. Lehigh and Hudson River Railway Co. v.Antalics, 81 N.J. Law 685; Sea Girt Estates v. Sutton, 7 N.J.Mis. R. 833; affirmed, 106 N.J. Eq. 285.
I incline also to the view that the complainants were guilty of laches. They continued to make payments to the defendants on the purchase-money mortgage after the excavation *Page 5 
work was done, and they did not file their bill until approximately six months after that event.
"It is the rule that the defrauded party to a contract has but one election to rescind, that he must exercise that election with reasonable promptitude after discovery of the fraud, and that when he once elects he must abide by his decision. * * * Delay in rescission of the contract is evidence of a waiver of the fraud, and an election to treat the contract as valid. * * * So, payments of purchase-money, after knowledge of the fraud, are evidence to the same effect. * * * And so also is the continued dealing with the property purchased and in reference to the fraudulent transaction, as if the contract were subsisting and binding." Dennis v. Jones, 44 N.J. Eq. 513. See, also,Faulkner v. Wassmer, 77 N.J. Eq. 537; Robertson v. CriterionConstruction Co., 6 N.J. Mis. R. 91; 140 Atl. Rep. 574; Ginsberg
v. Wolters, 94 N.J. Eq. 532; Sea Girt Estates v. Sutton,supra.
I will advise a decree accordingly.