THE PENNSYLVANIA COMPANY FOR INSURANCE ON LIVES AND GRANTING ANNUITIES (successor by merger to the Colonial Trust Company), respondent,

*v.*

JOSEPH BODEK et al., appellants.

[Submitted May term, 1932.   Decided October 17th, 1932.]

*Messrs. Starr, Summerill & Lloyd* and *Mr. Emerson L. Richards,* for the appellants.

*Messrs. McCarter & English (Mr. George W. C. McCarter,* of counsel), for the respondents.

PER CURIAM.

The appeal is from a decree in chancery granting the foreclosure of a purchase-money mortgage. The default on which the bill was based was failure to pay an installment of principal then claimed to be due and failure to pay the accumulated interest and taxes as required by the mortgage.

The defendants filed an answer and a counter-claim. The answer alleged misrepresentation inducing the purchase, default in the performance of conditions upon which, as provided in the mortgage, the principal then should become due, and the counter-claim demanded cancellation and surrender of the mortgage and the bond accompanying it because of such default.

The alleged default was that the vendor had failed to do certain gravelling and grading of the mortgaged lands and streets as provided in the mortgage and that representations contained on a sign said to have been placed on the lands before a public sale at which the appellants purchased the lands in question, and representations of the vendor that funds had been provided for the building of a sewage disposal plant, were untrue in fact.

The vice-chancellor to whom the case was referred found that there had been substantial compliance with the obligations and that the alleged representations had not been made, and advised the decree of foreclosure.

We are satisfied with the conclusion reached by the vice-chancellor on the issues of fact. It is to be noted, however, that the counter-claim demanded, not damages for the alleged default and misrepresentation, but rescission of the contract. Granting of this demand would have been both unjust and illegal. The bond and mortgage were made in November of 1925. The interest for two periods was paid and thereafter defaulted. The bill to foreclose was filed in January, 1928, and it was not until more than a year and a half later that the first step looking to a rescission of the contract was demanded by the filing of the counter-claim. During the greater portion of this entire period the appellants were fully aware of the alleged defaults and misrepresentations, but chose to retain the property and abide by the obligation which their contract implied. The law in such case is clear. The right to rescind on the ground of fraud must be exercised promptly on discovery of the fraud. The party to a contract cannot with knowledge of grounds justifying rescission indefinitely accept its fruits and repudiate its obligations. *Maioran* v. *Calabrese, 100 N. J. Eq. 315; Kazepis* v. *North Jersey Holding Co., 111 N. J. Eq. 342.*

The appellants were therefore estopped by their own conduct from being accorded the relief prayed, even though the facts might otherwise justify a different conclusion.

The decree is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.