GEORGE KAZEPIS et al., complainants-appellants,

*v.*

NORTH JERSEY HOLDING COMPANY, defendant-respondent and cross-appellant.

[Submitted May term, 1932. Decided October 17th, 1932.]

*Mr. Le Roy Vander Burgh,* for the appellants.

*Mr. Benjamin Gross,* for the respondent and cross-appellant.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR.

The bill of complaint prayed a rescission of certain contracts for the sale of lands, deeds delivered in execution thereof, and purchase-money mortgages, given in partial consideration thereof. Such a decree is prayed for upon the ground that the defendant, through its agent, fraudulently represented to the complainant-purchasers that the lands

contracted for and purchased by them could be used for the erection of buildings for stores and business purposes.

The bill of complaint contains six counts, each relating to a separate, and distinct, transaction.

The court below dismissed the bill, so far as counts one, two, three, five and six are concerned, apparently upon the ground that, although at the time of such transactions there was in existence, in the municipality, a zoning ordinance prohibiting the use of the lands for business purposes, the sales were made and consummated before the zoning amendment to the state constitution was adopted on September 20th, 1927, and the statute validating such ordinances then in existence (*P. L. 1928 ch. 274*) was enacted and became effective on April 3d, 1928, and that by the continued holdings of the supreme court and this court, such ordinance was invalid as being beyond the legislative powers that municipalities could constitutionally employ and exercise.

Count four of the bill of complaint sets forth a transaction which was initiated and consummated subsequent to the aforesaid amendment to the constitution and to the statute of 1928, *supra,* and the court below advised a decree in favor of the complainants on that count.

The complainants appeal from the decree in so far as it dismisses counts one, two, three, five and six of the bill and the defendant appeals from that part of the decree in favor of the complainants under the fourth count.

The complainants-appellants argue two grounds why the decree dismissing the bill should be reversed and one ground why the decree in their favor should be affirmed and the defendant-appellant urges and argues two grounds why the decree of dismissal should be affirmed and the decree in favor of the complainants under count four should be reversed.

We have concluded that that portion of the decree before us dismissing all of the counts except count four should be affirmed and that portion granting relief under count four should be reversed and for the sole ground and reason that the complainants did not act with sufficient promptness after

discovery of the alleged fraud. This was pleaded in the answer to each count and was urged in the court below. The alleged fraud was discovered and came to the knowledge of the complainants early in February of 1929; they placed the matter in the hands of their attorney in New York shortly thereafter and he, on February 25th, 1929, wrote the defendant tendering or suggesting a rescission. To this defendant replied, denying the alleged fraud and refusing to accept of the proffered rescission. Subsequently the complainants made payments to the defendant although they attempted to make them without prejudice to their right of rescission.

The bill in the present matter was not filed until February 26th, 1930, one year after the discovery and knowledge of the alleged fraud.

This is fatal to the right or remedy of rescission.

The defrauded party to a contract has but one election to rescind, which he must exercise with reasonable promptitude after the discovery of the fraud, and, when he once elects, he must abide by his decision. *Dennis* v. *Jones, 44 N. J. Eq. 513; Eibel* v. *Von Fell, 55 N. J. Eq. 670; Clampilt* v. *Doyle, 73 N. J. Eq. 678; Faulkner* v. *Wassmer, 77 N. J. Eq. 537; Reed* v. *Benzine-ated Soap Co., 81 N. J. Eq. 182; Maioran* v. *Calabrese, 100 N. J. Eq. 315; Snyder* v. *Czerminski, 108 N. J. Eq. 113; Berger* v. *Harrison Improvement Co., 108 N. J. Eq. 558.*

The learned vice-chancellor, who heard the cause, we think, fell into the error pointed out by Mr. Justice Garrison, in *Faulkner* v. *Wassmer, supra,* who said: "The learned vice-chancellor was in error in testing the complainant's right to elect solely by the doctrine of laches and notably so in conceiving that the decision of this court in *Dennis* v. *Jones, 44 N. J. Eq. 513,* turned upon that doctrine which, in point of fact, was not even mentioned in the opinion of Chancellor McGill in this court. *Dennis* v. *Jones* was decided, not upon the *quasi*-estoppel that is involved in the doctrine of laches, but, upon an entirely different ground, viz., that of conduct-evidence."

For this reason the decree under review, in so far as it dismisses the bill of complaint, is affirmed and, in so far as it gives affirmative relief, is reversed.

*For modification*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.