Fourteen bills of complaint have been filed against the Jersey Central Power and Light Company by purchasers of its preferred stock charging that the sales were induced by the fraudulent representation of the stock salesman to the effect that the company would repurchase the stock at the holder's request and at the price paid. Each bill contains two causes of action; the first praying rescission and the return of the purchase price, and the second praying specific performance and the same relief.
The defendant has applied for an order directing the complainants to elect to stand either on the disaffirmance and rescission or on the affirmance and specific performance; and, the same counsel appearing in the fourteen actions, it has been stipulated that the decision in the above entitled cause shall be dispositive of all the others.
The complainants admit that their causes of action are inconsistent; but rely on chancery rule 52, and on a statement of the court of errors and appeals in Downs v. Jersey CentralPower and Light Co., 117 N.J. Eq. 138, as authority for the pleading both causes of action in their bill. The rule, which was promulgated by Chancellor Walker in 1915, reads as follows:
"Inconsistent causes of action and inconsistent defenses, when stated in the alternative, are not objectionable."
In the Downs Case the bill of complaint was framed in the same language as those now before me. It was their pattern. The decree in this court was for the complainant, and the court of errors and appeals, in affirming, used this language:
"Moreover, the complaint stated, in the alternative, two inconsistent causes of action, i.e., (1) the asserted right to recover the sum paid based upon the theory of rescission of the contracts for fraud; and (2) reformation and specific performance of the contract. Appellant apparently was in *Page 543 
doubt as to the nature of his cause of action, and in this situation he was justified in so pleading. Chancery rule 52."
The question of election was not raised in this court in theDowns Case, nor in the court of errors and appeals. On this motion we have a sufficient guide in the following language in the opinion of the court of errors and appeals in Kvedar v.Shapiro, 98 N.J. Law 225 (at p. 228):
"This distinction was well put by Circuit Judge Sanborn in the case of Wilson v. United States Cattle Ranch Co.,73 Fed. Rep. 994, in these words:
"`When a vendee ascertains that he has been induced to make a contract of purchase by the fraudulent misrepresentations of his vendor, he has a choice of remedies. He may rescind the contract, restore what he has received and recover back what he has paid, or he may affirm the contract, and recover the damages he has sustained by the fraud. He cannot, however, do both. It is as difficult a feat to maintain a cause of action for the consideration paid for the purchase on the ground of rescission, and one for damages for the fraud which induced it, and for a breach of the contract of purchase itself, in the same action, as it is to ride at the same time two horses that are traveling in opposite directions. * * *.'"
In Cleaves v. Yeskel, 104 N.J. Law 497, the court of errors and appeals, in an opinion by the late Chancellor Walker, said (at p. 504):
"A party may take alternate positions as to certain matters or things, but not inconsistent ones with reference to the very same identical matter or thing."
The same eminent jurist, in Weidmann Silk Dyeing Co. v. EastJersey Water Co., 88 N.J. Eq. 397, said (at p. 426):
"* * * An answer in chancery must be consistent, and a defendant may not insist upon a defense based on the truth of an allegation in a bill which he denies in his answer. 16 Cyc.308. What is more he cannot be permitted to insist upon a defense residing in an averment in his answer which is inconsistent and repugnant to an admission made by him in the very same pleading. Equitable defenses must be consistent.Gilbert v. Galpin, 11 N.J. Eq. 445. * * *" *Page 544 
It is significant that it was Chancellor Walker who promulgated chancery rule 52 in 1915, and yet wrote the opinion in theWeidmann Silk Dyeing Co. Case in 1918 and in the case ofCleaves v. Yeskel in 1928.
The subject of election of remedies was reviewed by the late Vice-Chancellor Backes in an opinion affirmed by the court of errors and appeals. Blum Building Co. v. Ingersoll, 99 N.J. Eq. 563; affirmed, 101 N.J. Eq. 291. The vice-chancellor said (at p. 568):
"The complainant having by its original bill elected to be no longer bound by the contract is not privileged to again choose to be bound. * * * The commencement of an action, where all the facts are known, is conclusive evidence of an election. Conrow
v. Little, 115 N.Y. 387. `A party,' says Bigelow, `cannot, either in the course of litigation or in dealings in pais, occupy inconsistent positions. Upon that rule election is founded. A man shall not be allowed to approbate and reprobate. * * *.'"
And see the authorities cited by him and those collected in 20C.J. 1, and in a note in 13 L.R.A. 91. The article in Corp.Jur. contains many illustrations of remedies which are held to be inconsistent.
The nature of the inconsistent causes of action which are allowable under chancery rule 52 was indicated by Mr. Justice Heher in the Downs Case in his statement that, "appellant apparently was in doubt as to the nature of his cause of action, and in this situation he was justified in so pleading."
It is readily conceived that a suitor may be in doubt as to his remedy because of circumstances over which he has no control or because he has not sufficient information to enable him to determine his precise remedy, or which of two persons is the proper defendant. For instance, he may not know whether A, the principal, or B, the agent, is liable to him. A suit against one may be inconsistent with a suit against the other. Under the rule two causes of action may be set up, in the alternative, one against A and the other against B. Or he may be in doubt as to whether the defendant is liable individually or in a fiduciary capacity. The complaint may be in the alternative. Examples may be multiplied. *Page 545 
The Downs Case was treated in this court as one for rescission. 115 N.J. Eq. 348, 349. There should be no doubt in the mind of this complainant as to whether he has disaffirmed the contract. He cannot say that he is confused as to his legal rights, or that he does not know, as a matter of substantive law or practice, what remedy to pursue, or which of two or more persons is liable to him because the law or practice is unsettled. Such doubts, if and when they exist, are created by questions of law, or of fact over which the plaintiff has no control.
In this case no one knows better than the complainant whether he has disaffirmed. Whether he has done so may be a mixed question of law and fact, but the knowledge lies entirely with him; and it is his duty to disclose his position so that the defendant may have an opportunity to prepare its defense.
Especially is this true when the complainant's alternate claims are rescission and specific performance. Under the former it must appear that he acted promptly after discovery of the alleged fraud. Dennis v. Jones, 44 N.J. Eq. 513; Faulkner v.Wassmer, 77 N.J. Eq. 537; Kazepis v. North Jersey Holding Co.,111 N.J. Eq. 342. It must also appear that he did nothing after discovery which might evidence an intention to affirm the bargain.
The character of the proof in the action for specific performance would be entirely different; and the defendant should not be compelled to guess what charges he will have to meet.
The rule which permits inconsistent causes of action does not permit contradictory causes. It does not give sanction to a statement of fact in one count, and a contrary statement of fact in the next. Like all rules of court this rule should be interpreted and applied with proper regard for the principles of common law. It should not be permitted to upset a sound doctrine, rooted deeply in our law, unless it be shown beyond any doubt that it was so intended. I do not find it so, and shall advise an order requiring the complainant to make an election. *Page 546