PHOTO DEVELOPING, INC., PLAINTIFF-RESPONDENT, v. AL BITTNER, TRADING AS THE GRAPHIC PRESS, DEFENDANT-APPELLANT.

Argued May 1, 1945—Decided June 11, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the plaintiff-respondent, *Frank M. Travaline, Jr.*

For the defendant-appellant, *Barney B. Brown.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment for $480 damages, $14 interest and $29.20 costs rendered by the judge of the District Court of the City of Camden, sitting without a jury, for the plaintiff and against the defendant in a replevin suit wherein the plaintiff declared alternately in the following language: "Plaintiff is entitled to immediate possession of said goods and, in the event that they cannot be returned, the sum of $480 (plus costs) their value, is hereby demanded." Defendant did not effect a counter-replevin. The goods were not found; consequently, the money judgment. Six and one-half tons of cardboard had been bought by defendant for plaintiff's account and had been paid for by plaintiff; a part thereof had been cut into cards and printed by the defendant. Plaintiff sued for the remaining five and one-third tons of uncut cardboard. The cost had been $75 per ton. At the time of the trial cardboard of that grade was not to be had. The ceiling price fixed by the Office of Price Administration on the available goods of the nearest quality was $90 per ton.

The court's findings leave much to be desired in the way of precise technicality, but we interpret them as resolving that the title to and right of possession of the goods were in the plaintiff, that the actual possession was in the defendant who had wrongfully refused plaintiff's demand for delivery and that the quantity of the goods was five and one-third tons and the value $90 per ton. There was ample evidence to sustain those findings.

The record shows "judgment for plaintiff for $480 damage, $14 interest and $29.20 costs of suit." That was a judgment for damages and not a judgment in debt. The record does not explain how or upon what the item of interest is calculated. If it was based upon a conversion or damages for detention, *Imbesi* v. *Eastern Motor Co.,* 104 *N. J. L.* 251; *affirmed,* 105 *Id.* 490; *Field* v. *Post,* 38 *Id.* 346; *Independent Aetna Sprinkler Corp.* v. *Morris,* 111 *Id.* 457, 461, we note that the state of demand does not seek such a recovery and is, therefore, distinguished from that in *Zemel* v. *Commercial Warehouses, Inc.,* 132 *Id.* 341, which specifically grounded in interest as an element in the recovery. The pleading asks only the possession of the goods or in lieu thereof the value of the same ($480) and costs of suit. The allowance of interest was, we think, error, but we find no other fault.

If plaintiff will waive the interest, the judgment will be affirmed without costs on this appeal, *Philbrick* v. *Mundy,* 93 *N. J. L.* 43; *Frank J. Bloom Co.* v. *Kuemmerle Corp.,* 104 *Id.* 549; *Rabinowitz* v. *Massachusetts Bonding and Insurance Co.,* 119 *Id.* 552; otherwise the judgment below will be reversed, and a new trial awarded as to damages only.