12 N.J. Super. 554 (1951)
80 A.2d 135
WILLIAM M. YOUNG, WILLIAM M. YOUNG, JR., AND MARY H. YOUNG, PARTNERS, TRADING AS WILLIAM M. YOUNG & CO., PLAINTIFFS,
v.
GEORGE C. FULLER CONTRACTING CO., INC., A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 16, 1951.
*556 Messrs. Lum, Fairlie & Foster, attorney for plaintiffs.
Mr. Meyer H. Ginsberg (Mr. Ervin S. Fulop of counsel), attorney for defendant.
HARTSHORNE, J.C.C.
Plaintiffs move to amend their complaint by adding thereto new counts 2 and 3. This motion is made subsequent to defendant's filing of answer and counterclaim to the original complaint and subsequent to discovery proceedings, but prior to pretrial. Defendant resists this motion, claiming that the proposed new counts are inconsistent with the original complaint, and that plaintiff by taking its original position has elected its remedy and is now prevented from changing its position.
The question thus is, when must a party finally elect between inconsistent causes of action and, consequently, inconsistent *557 claims for relief? As to this the state and federal courts, before the new rules, were not in accord either in New Jersey or throughout the country. (8 Am. Jur., Election of Remedies, secs. 16, 18, 19).
The new rules of civil practice of the courts of this State, with their broader provisions than formerly, both as to pleadings and discovery thereunder, provide for a subsequent pretrial conference as well, unknown under the old practice. These rules pertinently provide: "Relief in the alternative or of several different types may be demanded." (Rule 3:8-1.) "A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both * * *." (Rule 3:8-5(b)). "* * * leave (to amend pleadings) shall be freely given when justice so requires * * *." (Rule 3:15-1.) At the pretrial conference, subsequent to pleadings and discovery, but prior to the determination of the merits of the controversy, the attorneys are required to "state and simplify the factual and the legal issues to be litigated and to amend the pleadings accordingly." In addition to other matters, "The court shall (at pretrial) make an order * * * limiting the issues for trial * * *. Such order * * * with the pleadings as ordered to be amended controls the subsequent course of action, unless modified at the trial to prevent manifest injustice." (Rule 3:16.)
It is thus apparent that under the new practice, as contradistinguished from the old, not only is a party permitted to state his claims, in a simple yet liberal way, but if such statement sets forth a legal claim, it is immaterial that such claims are inconsistent. Of course, these pleadings may be promptly dealt with if sham or otherwise improper or ineffective. (Rules 3:11, 3:12-3, 3:12-6, 3:56.) But if proper, the pleadings, and the bona fide issues raised thereby both of fact and of law, are subjected twice thereafter to the *558 scrutiny of the court, first at pretrial and later at the trial itself, all to the end that the trial may be confined to the actual controversy on the merits. This added opportunity under the new practice of pretrial, to sift the wheat from the chaff, of itself constitutes a reason why the new rules give greater liberality to a party in asserting his claims during the pleading period, and why such party should not be unduly restricted in asserting inconsistent claims, at least before he has had full opportunity to know exactly what facts his opponent may face him with.
Such being the apparent spirit and letter of the new rules, we turn to a consideration of the original complaint in the case at bar and the proposed two new counts therein. The original complaint alleges that defendant engaged plaintiff as a subcontractor to do certain excavation and other work, under a written contract. That thereafter this written agreement was modified to call for a payment of $2,000 to plaintiff by defendant; that this sum was due and owing, had been demanded, but had not been paid. Copies of the original agreement and the alleged modification were attached to the complaint itself.
Plaintiff asks to amend this complaint by entitling the original complaint "first count," and by adding thereto a second count and a third count. The proposed second count alleges that, by mutual mistake, there was an ambiguity in the modification, in that it alluded to plaintiffs doing "grading," though the intent was to state "rough grading," not "finished grading." The pleading continues by alleging that "In the alternative, if defendant was not mistaken as aforesaid, then the use of the word `grading' was a deliberate device, utilized by defendant with the intent to deceive plaintiffs, so as to include surreptitiously, by reference to the plans and specifications, all types of `grading.'" Plaintiff then asks for reformation of the modification, to call for "rough grading," and judgment for $2,000.
The proposed third count is based upon the original agreement, asks judgment for a balance of $11,237 due thereon, *559 and alleges that the "attempted modification agreement (is) invalid for lack of consideration."
Since the second count is based upon the modification, as is the first, both are consistent. The amendment asks merely for additional equitable relief to reform the modification in order to accord with the intent. This relief is appropriate, if the allegations are true. Moreover, the alternative hypothesis of fraud, if the mistake was not mutual, accords with the express terms of the rules above quoted. Further, this fraud is alleged with sufficient particularity.
It is to the third count that defendants' objection particularly lies, that it is inconsistent with the other counts. This is because the first and second counts rely upon the modification, while the third count is based on the original contract, and alleges the modification to be "invalid for lack of consideration." Defendant claims that plaintiff, by filing the original complaint based on the modification has, therefore, elected to treat the modification as valid, and the original agreement as altered to that extent, so that it is now legally foreclosed from recovery on the basis of the original agreement.
True it is that the rules properly require that a motion to amend the complaint, made under the present circumstances, should be by leave of court or on consent, thus indicating that plaintiff must show cause in order to be permitted thus to amend. (Rule 3:15-1.) This cause should include, for instance, inadvertence, plus prima facie merits; else the trial might be unduly delayed by useless and sham papers. But if plaintiff shows this cause, the amendment should be permitted, since the rules expressly provide for pleading "separate claims * * * regardless of consistency * * *." (Rule 3:8-5(b).) It would seem that these inconsistent claims to which this part of the rule refers, are claims that are inconsistent in point of law, since this part of the rule alludes to the legal or equitable grounds of the pleading. On the other hand, it would seem that the other portion of the rule alluding to "two or more statements *560 of a claim or defense (set forth) alternatively or hypothetically" refers to inconsistency in point of fact. Such a construction of these broadened provisions of the new rule gives reasonable effect to the principles alluded to in Rose v. Jerome Harvey Development Co., 113 N.J. Eq. 161, 165 (E. & A. 1933) and Morris v. Jersey Central Power & Light Co., 118 N.J. Eq. 541 (Ch. 1935), in requiring that a party shall not play fast and loose with facts on the one hand, but on the other that he shall not be foreclosed from pleading facts alternatively or hypothetically, according to the rules, until his opponent's version of the facts has been disclosed.
This is exactly what plaintiff has sought to do here in its proposed second count. There, after alleging mutual mistake in the modification agreement, plaintiff adds that "in the alternative, if defendant was not mistaken as aforesaid then * * *" defendant had a fraudulent intent to deceive plaintiff in that regard, so that plaintiff is entitled to reformation anyway.
Note that the present rule in the above regard (3:8-5(b)) is verbatim the rule as printed in the Tentative Draft of Rules, and, as there noted, is verbatim Federal Civil Rule 8(e) (2). The editors of the Tentative Draft in the comment on such rule call attention to the fact that the federal rule, contrary to the rule in some state jurisdictions, such as New Jersey, does not make inconsistent pleadings objectionable, regardless of whether such inconsistency is in point of fact or in point of law. And see Levy v. Massachusetts Accident Company, 124 N.J. Eq. 420, 433 (Ch. 1938), that the party's election accordingly may well not be requisite "until at or after trial and verdict." Since the new rules adopted verbatim the above tentative draft rule, as explained by such comment, and the tentative draft rule adopted verbatim the above federal civil rule, it would appear that the New Jersey Supreme Court in the present rules has adopted the above construction of the federal civil rule.
On the other hand, as to the proposed third count, there is no contradictory statement of fact. This count in *561 point of fact is quite consistent with the fact that the modification agreement may have been entered into either by mutual mistake or through the fraud of defendant. What this count says is that, regardless of whether the modification agreement came into being under either of the above alternatives, it is "invalid for lack of consideration." This is a new point of law, inconsistent as to law, not as to fact, with the first and second counts. This is properly pleadable under the above rules.
Furthermore, in this regard, plaintiff has shown the necessary cause for the amendment by affidavits filed by both its engineer and its counsel. These expressly say that the engineer, primarily familiar with the situation, "was not available for inquiry" earlier, hence the delay in filing the amendment. This affidavit adds that "defendant deliberately and unreasonably misconstrued the (original) contract so as to wring a concession from plaintiffs, and that defendant had no basis for a bona fide dispute." In other words, the objections raised by defendant to paying plaintiff under the original contract were not bona fide; there was no bona fide dispute; hence the modification agreement is invalid for lack of consideration. If that is so, the proposed third count states a cause of action.
Nor are the decisions relied on by defendant to the contrary: Grobart v. Society, etc., 2 N.J. 136, 149 (1949); Stretch v. Watson, 6 N.J. Super. 456 (Ch. Div. 1949); In re Perrone, 5 N.J. 514 (1950); Lizak v. Rottenbucher, 140 N.J. Eq. 76 (Ch. 1947). In the Grobart case the court, by its own italics, criticizes inconsistent pleadings, only where they are set up in "successive" pleadings. This is because, as the court says, "shifting causes of action in successive pleading will completely block the purpose of all pleading, i.e., getting to an issue or issues * * *." As to a party's changing position, as alluded to in the above Stretch, Perrone, and Lizak cases, this change of position occurred, not at the preliminary stage of pleading, before the party knew the full facts, but after the party knew the full facts, i.e., on final hearing or appeal. Clearly, knowing such full facts, it is *562 but fair the party then should have elected his position. Though situations might perchance exist even then, when it would be a close question of fact, whether the jury would find fact A or fact B to exist. Hence it might aid justice, not to compel the party to gamble on the finding of the jury, but to submit his case to them alternatively or hypothetically. In other words, the party could submit to the court that, if fact A exists, then result (1) should follow, but if fact B exists, then result (2) should follow, this perchance in the form of a request for special verdict.
In conclusion, it appears (1) that the new rules permit greater liberality than existed under the old practice for pleading claims or defenses, inconsistent in point of either law or fact; (2) that the purpose of these more liberal pleadings is to prevent the pleader from being foreclosed from asserting any rights to which he may perchance be entitled, until the true facts on both sides are known; (3) that the greater power of discovery of the facts under the new practice, plus the additional check on ascertaining the actual issues, as afforded by pretrial, which succeeds discovery, but precedes trial, will prevent sham and unnecessary pleadings from obscuring the true issues at trial. Hence (4) under normal circumstances, the doctrine of election of remedies should not be applied as strictly under the new practice as formerly, and generally, a party should not be foreclosed from pleading any claim or defense, until all the facts on both sides, material to such party's position, are substantially known.
Accordingly, plaintiff's motion herein, to amend the complaint, is granted.