16 N.J. Super. 243 (1951)
84 A.2d 492
M. BENJAMIN BARON, PLAINTIFF,
v.
PEOPLES NATIONAL BANK OF SECAUCUS, A NATIONAL BANKING ASSOCIATION ORGANIZED UNDER THE LAWS OF THE UNITED STATES OF AMERICA, DEFENDANT.
Superior Court of New Jersey, Hudson County Court.
Decided November 5, 1951.
*245 Mr. Joseph L. Freiman, attorney for the plaintiff.
Mr. George W. King (Mr. William L. Rae, appearing), attorney for the defendant.
DUFFY, J.C.C.
This matter is before me on defendant's motion for summary judgment in a replevin action.
Plaintiff sues for the recovery of certain stock certificates (listed in the schedule attached to the complaint), or for the value thereof because of their alleged unlawful detention.
The pleadings and exhibits indicate that on May 9, 1949, plaintiff borrowed $12,000 from defendant and delivered to defendant his promissory note, due three months after date, and also deposited with defendant the stock certificates itemized in the schedule as collateral security for the loan. A copy of the promissory note is annexed to the answer.
The defendant contends that it served notice upon plaintiff of a depreciation in the market value of the stock which had been posted as security for the loan. It maintains that such notice was served upon plaintiff on May 27, June 2 and June 4, all in 1949, and in connection with such notices, it demanded that plaintiff either reduce the loan by $2,000 or post other securities having a market value of $3,000. Defendant further charges that plaintiff failed to comply with such demand, whereupon it sold the stock at the market price on June 7, 1949, satisfied the $12,000 loan from the proceeds and remitted the balance of $2,300 obtained at the sale to plaintiff. Plaintiff accepted the check tendered by defendant for such balance.
Plaintiff denies receiving any such notice. He charges that defendant on June 7, 1949, and from that time forward has wrongfully taken and detained said certificates of stock. Plaintiff further charges repeated demands upon defendant for the return to him of said stock certificates but without result. He further alleges that on October 16, 1950, he offered defendant the amount of said loan with interest and demanded the return of the described stock certificates but defendant persisted in its refusal to comply.
*246 It should be noted that plaintiff originally commenced an action in conversion. At the pretrial conference he moved to amend his complaint to add a count in replevin. This motion was denied. Shortly thereafter, plaintiff voluntarily dismissed the conversion action and instituted the present suit in replevin. Defendant earlier made a motion for summary judgment in the present suit. This motion was denied without prejudice, and leave was granted to renew the motion at the pretrial conference.
Defendant now moves for summary judgment on these three grounds:
1. Replevin cannot lie where the defendant has neither actual or constructive possession of the chattels at the time of the issuance of the writ.
2. Plaintiff has waived his right to bring a suit in replevin having formerly elected to sue in conversion.
3. Plaintiff is estopped from bringing this action in replevin.
The first ground urged by defendant appears to be one of novel impression in New Jersey. However, from the authorities examined, it seems that the action of replevin will lie. "Replevin, or equitable replevin may be maintained for a certificate of stock where the object is to regain possession of the specific paper and not to test the right to the property which it represents." 46 Am. Jur. 15, par. 22. Also, "A certificate of stock, that is, the certificate itself as distinguished from the stock which it represents, is undoubtedly property, although there is authority to the contrary, and it has a pecuniary value separate and distinct from the value of the shares it represents. * * * And if it is wrongfully detained from the true owner, or wrongfully converted by another, it may be recovered in an action of detinue or replevin or its value may be recovered by bringing an action of trover." 11 Fletcher, Cyclopedia of Corporations, (Perm. ed.), 62, par. 5097, citing cases. In defense of this rule it has been pointed out that to permit the defendant to set up as a defense the fact that he has parted with possession (and which plaintiff alleges was done wrongfully) would be to *247 permit him to take advantage of his own wrongdoing. Another reason for denying the motion on the ground urged is that it is proper in a replevin suit for plaintiff to ask either for the possession of the chattel or, in lieu thereof, its value. Photo Developing, Inc., v. Bittner, 133 N.J.L. 102 (Sup. Ct. 1945). Such alternative relief is sought in the case sub judice.
The second ground is waiver. There is a general rule that where "there exists an election between inconsistent remedies, such, for example, as the choice between affirming or disaffirming and rescinding a contract, the party, in the absence of transcending equities, is confined to the remedy which he first prefers and adopts. The institution of a suit is usually regarded as a decisive act which is generally held to be a conclusive waiver of inconsistent, contradictory, and inimical modes of redress, even though the election has not been acted upon by another to his detriment." Lizak v. Rottenbucher, 140 N.J. Eq. 76 (Ch. 1947). However, the doctrine of election of remedies "considered by eminent authority as `a harsh and now largely obsolete rule,' is one to be strictly confined within its reason and spirit." Adams v. Camden Safe Deposit, etc., 121 N.J.L. 389, 397 (Sup. Ct. 1938). Moreover, it has been held that the new rules of court permit greater liberality than existed under the old practice for pleading claims or defenses, inconsistent in point of either law or fact, Young v. Fuller Contracting Co., Inc., 12 N.J. Super. 554 (Super. Ct. 1951). See also Rule 3:8-5. In Moss v. Marks, 97 N.W. 1031 (Sup. Ct. Neb. 1904) the plaintiff originally started his action in conversion. He later voluntarily dismissed this suit and commenced an action in replevin. The court held that there was no inconsistency between the remedies of conversion and replevin.
The third point argued by defendant is that plaintiff is estopped from prosecuting this action in replevin. The main factual reason argued by defendant is that the measure of damages is different and the potential liability of the defendant far greater in the event that plaintiff should succeed *248 in this replevin action. I am not impressed by this argument. Apparently, in a matter such as this, damages, if any, should be assessed as outlined in Satterthwaite v. Harriman National Bank, 13 F. Supp. 493 (D.C.N.Y. 1935),
"In replevin the plaintiff demands a return of the personal property unlawfully taken, or, in the alternative, its value. The value allowed is that at the time of the trial. * * * It is not optional with the plaintiff whether to take the property or its value as fixed at the trial. If the defendant has the property and returns it pursuant to the judgment, the plaintiff must take it. * * * And, although no decision on the point has been cited, I should assume that, if a judgment * * * for the return of shares of stock, it could be satisfied by a good delivery of a certificate or certificates for the specified number of shares, even though the certificate or certificates delivered were not the certificate or certificates originally taken, Cf. Govin v. De Miranda, 140 N.Y. 474, 35 N.E. 626."
Rule 3:56-3 provides that summary judgment shall be granted only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
This rule has been cited in the very recent case of Mayflower Industries v. Thor Corp., 15 N.J. Super. 139, 155 (Ch. Div. 1951), wherein the court stated:
"The quoted language of this rule was taken from Federal Rule 56 (c). Under the construction of the federal courts, this language was not designed to `to cut litigants off from their right of trial by jury if they really have issues to try,' and summary judgment should be granted only where `no genuine issue remains for trial.' Chappell v. Goltsman, 186 F.2d 215 (C.C.A. 5th Cir. 1950). The matter cannot be decided on the affidavits of the parties where the facts are in dispute or where conflicting factual inference may be drawn from them. Arnstein v. Porter, 154 F.2d 464 (C.C.A.2d Cir. 1946); Chappell v. Goltsman, supra. `Affidavits * * * are of value only when they indicate the non-existence of factual issues and they have no value when they attempt to resolve a factual issue in favor of one of the parties.' Kaiser Co. v. Ric-Wil Co., 95 Fed. Supp. 54, 55 (D.C.N.D. Ohio 1950)."
For the reasons stated above defendant's motion for summary judgment is denied.