This litigation is presented by a vendee's bill to recover part purchase-money paid on a contract to convey land, and a counter-claim by the vendor for specific performance of the contract. The contract between the parties calls for a conveyance by the defendant to the complainants, by warranty deed, free from all encumbrances, except as therein mentioned, of an apartment house and curtilage on Lyons avenue, Irvington, *Page 422 
"together with a strip of land in the rear of said premises ten feet in width running to Normandy Place." This strip was subject to a right of way of an adjoining owner. It was known to be so encumbered by the complainants, and the failure to especially note it in the contract was mutually accidental. It is, however, stated in the contract that the conveyance was to be "subject to restrictions of record." The contract was to be executed May 1st, 1926, and complainants' counsel was still investigating the title on the closing day, and on May 5th wrote the defendant's attorney, in reply to his letter concerning the transaction, that he would be glad to take the matter up with him in a few days. Instead, and without intimation, the complainants brought this suit on May 10th to recover the down money, $1,000, and to impress it as a lien on the property, and for cause of action alleged the encumbrance of the easement, with particularity; that the defendant contracted to convey by deed of warranty, free from all encumbrances, except those agreed upon, which did not include the easement; that the title therefore was defective and unmarketable, and that although they were ready, the defendant, upon demand, refused to perform her contract, and was unable to do so. The answer denies the allegation and sets up that the defendant was and always had been ready and tendered herself ready to perform, and by counter-claim alleges that the omission of a notation in the contract of the encumbrance of the easement was by mutual mistake, and prays its reformation, and, as reformed, its specific enforcement. On the day of trial the defendant was ready to convey free of the easement, she having on that day procured a release. If reformation were necessary the contract could not be reformed and enforced as reformed. Wirtz
v. Guthrie, 81 N.J. Eq. 271. It is, however, conceivable that the contract might be enforced as drawn, and the complainants be decreed to take the property subject to the easement, for it would not be a strained construction if it were held that the easement was a "restriction," within the meaning of the provision of the contract to convey "subject to restrictions of record," in view of the forehand knowledge of the complainants *Page 423 
of its existence, and the fact that it is a matter of record. But it is not necessary that the defendant pursue that course for she now is able to convey free of the easement. Time was not of the essence of the contract. It is timely performance if conveyance, in conformity with the contract, can be made at the time of the decree. Gerba v. Mitruske, 84 N.J. Eq. 141. And the defendant is not to be deprived of this privilege, afforded by equity in this class of relief, unless he had breached the contract and the complainants had the right, for that reason, to treat it at an end when they brought their suit to recover the purchase-money. And that they had not. Had they become aware of the easement after the engagement they could have repudiated the contract, provided they acted promptly upon discovery, else the right would be waived. Fry Spec. Perf. 224; Salisbury v. Hatcher, 2 Y. C.C.C. 54; Hoggart v. Scott, 1 R. M. 293; Halkett v. Earlof Dudley (1907), 1 Ch. 590. The right to repudiate arises out of want of mutuality and is coupled with the notion that the facts were concealed and the vendee deceived. But here the complainants all along knew of the easement, and they must be treated as if they had discovered the easement after making the contract and had waived the right to repudiate, and the cause must be considered simply as one of failure of the vendor to perform on the day stipulated in the contract. The defendant stood ready to go forward, and the presence of the easement did not warrant the charge in the bill that she could not and refused to perform the contract, any more than the existence of a mortgage or other removable lien would justify the assumption. Fixing of a day for closing was a mere formality. Either party was entitled to fair leeway; neither could arbitrarily put an end to the contract, and before one could put the other in default, and rescind, reasonable notice of time to perform was required.Orange Society v. Konski, 94 N.J. Eq. 632; 95 Ibid. 254; FrySpec. Perf. (6th ed.) 510. In this the complainants failed, and to this day. Their suit was brought before they matured their cause for action by the requisite notice and demand for performance, and it is not maintainable. The suit cannot be regarded as a substitute *Page 424 
for the notice and demand; it amounts only to a gesture that the complainants regarded themselves as no longer bound; it is not founded on a right to rescind, and has not the legal effect of relieving them of liability to perform.
The defendant cannot be charged with laches. The pendency of the complainants' suit was a definite declaration by them that they were unwilling to carry out the terms of the contract, even though the defendant were able within a reasonable time to convey free of the easement, and they cannot be heard to complain that the defendant's ability to perform at the time of the decree comes too late.
Nor is the plea, set up in the answer to the counter-claim, that the value of the property has fluctuated and that it is not now worth what it was at the time fixed for the closing, available to them. Their precipitate and ill-conceived suit, and reprobation of the contract, preclude the argument that the loss, if any, should fall on the defendant for her failure to do that which the complainants rejected in advance.
The prayer of the bill will be denied and a decree for specific performance will be ordered on the counter-claim.