This is a suit for specific performance and a counter-claim for the return of the deposit with reasonable allowances.
The contract provides:
"It is expressly understood and agreed that the buildings upon the said premises are all within the boundary lines of the property as described in the deed therefor, and that there are no encroachments thereon." *Page 158 
The contract was to have been closed May 1st, 1926. It was agreed by counsel at the hearing that the original contract did not make time of the essence of the contract; that the premises of the complainants encroached upon the street line some sixteen inches but the encroachment was removed November 13th, 1927, before the hearing in this case.
Defendants contend that by reason of two letters written by their representative, time was made the essence of the contract as of May 21st, and therefore complainant was in laches because he did not remove the encroachment until November 13th, 1927. On May 14th, 1926, the solicitor for defendants wrote to solicitor for complainants —
"I therefore beg to notify you that my clients are fully ready, willing and able to accept a conveyance of said premises from your clients and will on Friday the 21st proximo, at two P.M., be at your office to tender the balance of the cash purchase price to your clients and demand from your clients a warranty deed fully in accord with the aforesaid agreement. Hoping that the discrepancy between our clients will be amicably adjusted and that it will throw no reflection upon the relationship between us personally, I am, etc."
This is not a definite notice that time is considered of the essence of the contract. On the contrary, there is a hope expressed that the differences may be adjusted. Counsel have discussed at some length the meaning of the words "21st proximo" in a letter dated May 14th. They undoubtedly mean June 21st.
"Proximo in or of the next or coming month." Funk Wagnall'sDictionary.
"Proximo. In the next month after the present as on the 3d proximo." Webster's Dictionary.
Indeed, it is not necessary to go to the learned lexicographers for a solution. Proximo is a Latin word in the ablative case, and literally translated means "in the next." Therefore, "21st proximo" would mean the 21st (day) in the next (month).
However, the parties did meet on May 21st and failed to agree. Exactly what transpired at this meeting is not disclosed in the testimony except that a deed was tendered and refused. Thereafter, on May 24th, the solicitor for the defendants *Page 159 
wrote again to the solicitor for the complainant as follows:
"My clients stand pat in their position which they have taken at our conference last Friday with reference to the above matter. Kindly advise me what your intentions are as to further action. As for us, you surely realize that we expect a return of deposit and a reasonable amount in addition thereto to cover all the expenses to date. What do you say?"
Neither does this letter, in my opinion, make time of the essence of the contract nor the two letters taken together. There is no fixed and definite time in either after which the defendants will consider the contract at an end. In Wyatt v.Bergen, 98 N.J. Eq. 502, a letter of defendants, called in the opinion Exhibit 7, and set out in full on page 505, couched in much stronger terms than the ones before us in this case, was held by Vice-Chancellor Griffin (at p. 506) not to make time of the essence of the contract. The learned vice-chancellor, speaking of other notices referred to in the same case, says again (at p. 505) that he thinks, "in the language of Mr. Justice Holmes, in Stewart v. Griffith,30 Sup. Ct. Rep. 528," that they were "politely to apply a spur to the defendant to speed her in the performance of the contract." This is an apt characterization, it seems to me, of the letters we are discussing. Again in Orange Society v. Konski, 94 N.J. Eq. 632,
Vice-Chancellor Backes held that a letter much stronger than those in this case, quoted at length (at p. 634), was not final (at p. 635). The learned vice-chancellor further says (atpp. 635, 636): "But if I am mistaken in my interpretation of the letter, and if it is to be regarded as preemptorially fixing November 25th to make good or quit, I think Konski cannot avail himself of it as a means of terminating the bargain. As I have indicated, to make time of the essence of the contract under such circumstances, the extension that is the time given for performance must be reasonable. Here but seven days were allowed. In the circumstances it was in my judgment too short." It will be observed that if we adopt as to the letter of May 14th, the construction put upon it by the defendants and assume that *Page 160 
21st proximo means May 21st, which it does not mean, at which day the parties actually met, and not June 21st, which it does mean, and on which day they did not meet, exactly seven days intervened.
Having come to the conclusion that time was not made of the essence of the contract, we come to the questions of the removal of the encroachment and the laches. We have seen that time is not of the essence of this contract. In the case of Nass v.Munzing, 100 N.J. Eq. 421, ViceChancellor Backes says (at p.345): "Time was not of the essence of the contract. It is timely performance if conveyance in conformity with the contract can be made at the time of the decree. Gerba v. Mitruske, 84 N.J. Eq. 141." The encroachment in this case was removed before the case was heard in this court.
As to the laches: Suit was started by defendants in the supreme court to recover the deposit on June 26th, 1926. Complainants in this suit filed an answer and counter-claim on July 13th, 1926. And on July 31st, 1926, filed a bill for specific performance in this court. It is admitted that the delay in the first instance was caused by defendants' counsel, who asked for an adjournment in order to move his law office. Then, as he himself says in his supplemental brief, "it just happened that because of the then illness of the counsel for the plaintiffs in the supreme court action, that the case was not tried then. Furthermore, even the hearing in the chancery suit had been set for an earlier date than it actually took place. It also happened that because the Jewish New Year fell on the date first set for the hearing in chancery, same was deferred to November 23d 1927." This last adjournment was granted by me at request of defendants' counsel out of respect for his religious beliefs. I do not see, therefore, how these delays can be charged against the complainants.
There is testimony which is uncontradicted that this encroachment was known to defendants from the beginning. A survey was shown to their counsel on which the encroachment appeared. He borrowed this and had it in his possession for at least six weeks; also, defendants stored their automobile *Page 161 
in the garage for two months, took people to see the apartments and made suggestions as to their rental.
However, having found that time was not of the essence and never was made so, that the encroachment was removed before the hearing and that there was no laches, I shall advise for those reasons a decree for specific performance.