SIMON TRAURIG et al., complainants-appellees,

*v.*

AARON LEVIN et al., defendants-appellants.

[Argued February term, 1928.   Decided May 14th, 1928.]

1. The complainants bring a bill to rescind a contract under which they agreed to take a one-half interest in two properties which the defendants claimed to hold, on the ground that at the time of the agreement and afterward, the defendants had no contract to purchase one of the properties. *Held*, that the complainants are not estopped from bringing the bill inasmuch as they had no knowledge at the time of the agreement of the non-existence of a contract to buy the second property.

2. In this case, where part of the transaction has failed, the defendants cannot insist that the agreement is irrevocable as to the other half of the transaction, for the complainants are entitled to receive what they bargained for and, as an equitable principle, should not be compelled to take less than their contract called for.

3. The defendants cannot insist that the complainants bear one-half the loss sustained by them because of complainants' failure to contribute their share of the contract price, by reason of which the

opportunity to purchase the property was lost and the complainants rejected the contract *in toto*; for the consideration of the contract having in large part failed, the complainants were entitled to invoke the doctrine of rescission.

On appeal from the court of chancery.

*Messrs. Precker & Precker,* for the complainants-appellees.

*Messrs. Saul & Joseph E. Cohn,* for the defendants-appellants.

The opinion of the court was delivered by

MINTURN, J.

The bill was filed to rescind a contract between the defendants to take a one-half interest in certain real estate in the city of Newark, and also to obtain the return of $9,500 paid on the contract, upon the ground of fraud and misrepresentation in the inception of the agreement. The learned vice-chancellor found that fraud had been proven, and advised a decree for the complainant, from which this appeal has been taken.

The contract was dated December 4th, 1925, and recites that the defendants are purchasers of the "Broad street tract," under a contract with the owners which "is to be consummated on May 1st, 1926," and are also purchasers of the "High street property," under an agreement dated December 3d, 1925, and that the complainants desire "to buy into the deal" to the extent of a one-half interest. The agreement further provided that the complainants are to advance all funds needed to clear up the High street deal to the extent of $10,000, and a one-half of the balance required on the Broad street property, and also to repay the defendants one-half of $10,000, already advanced by them thereon.

Upon the execution of the agreement the complainants paid defendants $9,500 on account of the total sum agreed to be advanced by complainants under the agreement. Subsequent occurrences developed the fact that the situation re-

garding both of the properties had been misrepresented. Thus it was made clear, both by the contract for the conveyance of the Broad street tract and the testimony, that the contract was to be closed on March 1st and not on May 1st, 1926, which manifestly made a material difference to the complainants in their ability to furnish the amount required as their contractual contribution.

It was also in evidence that the High street contract for practical purposes was an *ignis fatuus,* and had no actual existence outside of the perfervid minds of the interests who were attempting to secure it.

It is contended by defendants that the complainants were aware of this contingent status when they entered into the agreement, and that upon the principal of estoppel, comprehended in the maxim *qui tacet consentire videtur,* they cannot now be credited with ignorance of the existing facts.

The complainants, however, denied possession of such knowledge, and their denial was corroborated by the specific terms of the contract *sub judice.*

The defendants further contend that if the contract and its consideration should fail and become abortive as to the High street property, it should stand and become irrevocable as to the Broad street plot, upon the theory that the subject-matter is divisible and *pro tanto* enforceable. But aside from the fact that the parties are entitled, under the provisions of the contract, to that which they bargained to receive, and as an equitable principle should not be compelled to accept less than their contract called for, the contention is tainted with the important misrepresentation as to time of performance already referred to.

It is finally contended that the complainants should bear one-half of the loss sustained by the defendants on the Broad street property, because of the complainants' failure to contribute their share of the contract price, by reason of which the opportunity to purchase the property was lost. The complainants, however, were consistent in that respect, for realizing the impossibility of performance by the defendants, according to the terms of the contract, the complainants rejected *in toto* a bargain which they had been induced to as-

sume upon representations which proved to be both abortive and insubstantial. The consideration or basis of the contract having thus failed, the entire superstructure logically and appropriately falls with it, which situation relegated the parties upon familiar principles to the status *ante quo contractus,* and the doctrine of rescission may be properly invoked for the purpose. *Impossibilia nulla obligatio est. 2 Story Eq. 763; 2 Pom. Eq. Jur. 1867; 6 R. C. L. 940; Roberts* v. *James, 83 N. J. Law 492.*

The result follows that the decree appealed from must be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.    15.

*For reversal*—None.