BERNARD RYAN, PLAINTIFF-RESPONDENT, v. BROWN MOTORS, INC., DEFENDANT-APPELLANT.

Submitted May 26, 1944—Decided September 14, 1944.

For the respondent, *Lum, Fairlie & Wachenfeld* (*Charles S. Barrett, Jr.,* of counsel).

For the appellant, *Joseph E. Conlon* (*Harold H. Fisher,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. This appeal is from a judgment entered in the Supreme Court, Essex County Circuit, upon jury verdict in favor of plaintiff. Defendant appeals to this court alleging error by the trial court in its denial of motion for direction of verdict in favor of defendant upon the second separate defense to the complaint, hereinafter referred to, and, further, upon the immediately subsequent action of the trial court in striking out this defense upon motion of plaintiff. The particular contention as to the latter action of the trial court is that this defense at least raised a point for jury consideration and that the action of the trial court in striking the defense deprived defendant of its right in this respect.

Defendant had for some years conducted its business as a retail agency for the sale of automobiles and accessories at Maplewood, Essex County. The testimony indicates that in the year 1941 it did a net sales business of $476,000. The business generally consisted in the sale of new automobiles, taking used cars in exchange for resale, the sale of automobile accessories and the general servicing of automobiles. It appears that 576 used cars were sold in 1941, representing a business income of $132,000; that the receipts of the service department for that year were approximately $13,000, and of the parts and accessories department approximately $16,000.

Plaintiff was employed by defendant in 1932 as used car manager. In 1938 he first entered into contract with defendant under which he was appointed general manager of the entire plant and secretary of the corporation. The proofs indicate that upon plaintiff assuming the management and direction of the plant and until his separation from employment defendant's business progressively increased and in considerable proportions.

In the latter part of 1941 or the early part of 1942, plaintiff was advised by his physician to take a vacation from his employment because of a nervous breakdown. Plaintiff went to Florida and while there he received a telephone call requiring his return to the plant. Upon his return and while his contract was in effect, he was told by a subordinate, who was

a son of the president of defendant company, that he was discharged. He was then handed a letter dated February 10th, 1942, which was signed by the company president, notifying him that his services were no longer wanted by the company and that he was discharged as manager and relieved of his office as secretary as of that date. A successor to plaintiff as general manager of the business was immediately appointed. Defendant corporation was dissolved in July, 1942.

Plaintiff's contract with defendant invested in him the widest discretion and authority in the management of the entire business. He was given full charge and supervision of every detail of the business, including all bank accounts and cash on hand, with authority to negotiate loans on behalf of defendant and to maintain and extend the credit of defendant. The extent of the authority of plaintiff may be gleaned from these excerpts from the contract of employment:

"* * * (b) That nothing in this agreement shall be deemed, or construed as a surrender, or abandonment, by the Board of Directors of the Party of the First Part of any authorities, powers, or duties imposed upon such Board of Directors by law; or as a delegation of any authority, power, or duty that may not be lawfully delegated by the Board of Directors of the Party of the First Part; it being the intent hereof that the Party of the Second Part shall have, and shall exercise and perform, only such authority, powers and duties as might be lawfully delegated by the Board of Directors of the Party of the First Part to an individual employed by the Party of the First Part for similar purposes."

"* * * Nothing herein contained shall be deemed to limit the powers of the Board of Directors of the Party of the First Part to appoint and engage certified public accountants to examine and report concerning the accounts and financial affairs of the Party of the First Part, who shall not be subject to removal except by, or upon the express authority of, the said Board of Directors. * * *"

The contract here involved was made for a term of three years from January 1st, 1940, and was thereafter to remain in full force from year to year, subject to written notice at

least six months prior to the expiration of any contract period by either party of its desire to terminate the agreement.

The letter of discharge before referred to states:

"Among other reasons, this action has been taken because of the effect of Federal and State Governmental actions, rules and regulations forbidding the sale of automobiles; and for the further reasons that * * *."

The "further reasons" mentioned in this letter are not pertinent on this appeal.

Plaintiff, alleging breach of contract and consequent damage, instituted suit against defendant. Answering the complaint filed against it, defendant admitted the making of the contract sued upon and sought to justify the discharge of plaintiff as being in accordance with the agreement. Such alleged justification, except as the same is set forth in the second separate defense of the answer, is not urged on this appeal. This defense in general terms states that it was within the contemplation of the parties at the time of entering into the contract that the business of defendant was the selling of automobiles and accessories and that at such time it was lawful for defendant to be engaged in such business,

"* * * but that thereafter, as a consequence of the entry of the United States into the present war and the emergencies and necessities arising therefrom, an order was issued by the Government of the United States restraining and refraining the defendant corporation as well as all others engaged in similar business, from buying or selling automobiles and accessories. * * *

"This defendant says that, as a consequence of the orders of the Government of the United States, the purposes for which the plaintiff was hired have ceased to exist, and that the contract between the plaintiff and the defendant has become impossible of performance by operation of law and by order of the Government."

The proofs do not support the conclusions set forth in this separate defense. The orders of the Federal Government referred to greatly limited the opportunities for transactions concerning the sales of new automobiles but did not destroy the field. They were entirely without application as to the

remaining features of plaintiff's contract of employment. At the time of the discharge of plaintiff they had been effective for but a few weeks. There was as yet no experience from the operation of its own business or of the business of any similar establishment from which might be determined the effect of the orders upon the general business enterprise. Nor did they affect plaintiff in the performance of his duties as secretary of the corporation. It is common knowledge that there is an increasing public demand throughout the country for the purchase of used automobiles. It may well be, also, that the business of the sale of automobile parts and accessories and the demand for repair service to automobiles has been greatly accelerated by the necessity for the continued general use of older and second-hand automobiles. These several features were within the contractual engagement of the parties and the action of defendant in terminating the employment for the sole reason of the curtailment of opportunity for the sale of new automobiles must, in the circumstances, be deemed to have been arbitrary and capricious and without legal justification. Compare *Proprietor's Realty Co.* v. *Wohltmann,* 95 *N. J. L.* 303.

This court said in *Schaefer* v. *Brunswick Laundry, Inc.,* 116 *N. J. L.* 268, 271:

"Generally, impossibility of performance offers no relief from the performance of contractual obligations, whether the impossibility could or could not have been forseen at the time of the making of the contract. * * * There are three exceptions to this rule: (1) where the impossibility arises by operation of law; * * * (2) where a thing necessary to performance is destroyed; * * * (3) where the contract calls for personal services, and the party to perform or receive performance dies." Citing cases.

There is no support in the proofs to bring defendant within any of these exceptions.

Nor was there any matter to be referred to the jury upon this point. The proofs offered by defendant did not in any manner controvert the proofs offered by plaintiff. Rather, the case for defendant was by way of confession and avoidance. There was no factual showing upon which reasonable persons might draw differing fact conclusions.

The action of the trial court in the several particulars was correct.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 16.

*For reversal*—None.