The defendant owner of the premises known by the street number 751 Bergen Avenue, Jersey City, New Jersey, leased it to the complainants on or about July 31st, 1945, for a period of five years. The lease among other things, provided:
"The Tenants shall have the option to purchase the premises in which the demised store is located at any time during the term hereof for the sum of Thirty-two Thousand ($32,000.00) Dollars cash, provided *Page 350 
that the Landlord shall have the right at all times prior to the exercise of the option by the Tenants to offer the premises for sale, and in the event it receives a bona fide offer satisfactory to it, the said premises shall first be offered to the Tenants at the price and under the terms contained in saidbona fide offer. Said Tenants shall either accept or reject said offer within five (5) days. If the Tenants reject the offer, then the Landlord shall be free to sell the premises to such offeror." (Exhibit C-1.)
The defendant by letter dated April 15th, 1946, notified the complainants that it had received an offer of $32,000 for the property and that if they desired to exercise the option aforesaid, then to submit a deposit and arrange for a contract within five days. (Exhibit C-2.) In response to the notice the complainant Entin on April 19th, 1946, called at the office of Mr. Joseph Glavin, the defendant's attorney, and offered the sum of $500 as a deposit on account of the purchase price of the premises. Glavin told him that he was not authorized to accept a deposit on behalf of the defendant.
Glavin then telephoned to Hoffman, the treasurer and person actually in charge of the management and conduct of the affairs of defendant corporation, and told him that Entin was at his office with a deposit of $500. Hoffman insisted upon a deposit of $2,000. Later that same day, the defendant received the following communication (Exhibit C-3) from the complainants:
"Pursuant to our lease dated July 31, 1945, we refer to paragraph 33, we are taking up the option for $32,000.00 to purchase building located at 751 Bergen Avenue, Jersey City, N.J.
"Enclosed find check for Five Hundred Dollars as a deposit subject to Sales contract to be prepared."
Glavin then prepared a contract (Exhibit C-6) and submitted it to Mr. Morris Harris, an attorney who then represented the complainants. It, among other things, provided that the deed to be delivered thereunder would contain the following provisions:
"This contract is made, and the deed to be delivered pursuant thereto shall be, subject to the following:
"(1) Such state of facts as an accurate survey may disclose, provided the same do not render the title unmarketable.
"(2) Restrictions and easements, if any. *Page 351 
"(3) Lien and effect, if any, of the assessment for municipal improvements which are prospective or inchoate, and are not confirmed, and not due and payable on the date of closing of title.
"(4) Operation and effect of Federal, State and Municipal Laws and Ordinances relating to buildings, their construction and usage.
"(5) Rights of tenants in possession."
Harris returned the proposed contract (Exhibit C-6) to Glavin, with a letter (Exhibit C-13), stating that "Mr. Entin has informed me that he wishes to purchase the Hoffman property on the basis of the terms set forth in the enclosed contract. Will you please add to this contract a statement that there are no O.P.A. violations pending disposition as of the date of the contract."
The parties named May 22d 1946, as the date when the contract would be executed at Glavin's office, 921 Bergen Avenue, Jersey City, New Jersey. They then met at Glavin's office. The defendant inserted in the proposed contract the following clause: "(6) O.P.A. violations, if any."
The complainants objected to the insertion of the clause. The defendant would not agree to its removal. No contract resulted.
Two days later the defendant received a letter from the law firm of Messrs. Gurtman and Schomer, who succeeded Harris as attorney for the complainants, which reads as follows:
"This will supplement the notice heretofore given by Messrs. Herman S. Entin and Fred Schwartz on April 19 for the purchase of the above stated property pursuant to the exercise of the option contained in their lease with you.
"It is our opinion that no formal contract of sale is necessary in addition to the option provisions contained in the lease and we have so advised our clients. We are, therefore, proceeding with an examination of the title to the property and will press the matter as expeditiously as possible. Upon conclusion of such examination, we will communicate with you further for the purpose of setting a time and place for the transfer of title and the payment of the consideration price under the option." (ExhibitC-7.)
The defendant, on May 31st, 1946, returned the $500 deposit to the complainants, together with a letter informing them that they had waived the provisions of the option (Exhibit C-8). *Page 352 
The complainants' counsel replied thereto by letter of June 3d 1946 (Exhibit C-9) stating:
"The letter of your attorney, Joseph C. Glavin, Esq., of May 31st, 1946, addressed to Messrs. Herman S. Entin and Fred Schwartz has been turned over to us for attention. There is absolutely no basis for your conclusion that the option for the purchase of the property was waived and we do hereby advise you in their behalf that they insist upon their right of option and their determination to exercise the same. As we have heretofore indicated in our letter of May 23rd, there was no necessity for the execution of a formal contract of sale in addition to the terms of the option as set forth in the lease. Furthermore, the contract which was offered contained terms which were not in accordance with the provisions of the option.
"We herewith serve formal notice upon you that Messrs. Herman S. Entin and Fred Schwartz are ready, able and willing to accept conveyance of title to the property under option and to pay the purchase price therefor in accordance with the terms of the option. We request, therefore, that you advise us when and where you will be ready to make delivery of title and accept payment of the consideration."
The defendant's attorney on June 6th, 1946, advised complainants' attorneys by letter, that the defendant had set Monday, June 10th, at 11 o'clock in the forenoon, at his office, as the time and place when and where it would deliver a deed to complainants on the payment of the consideration, and that the proposed deed would contain all of the provisions set out in the contract offered to them on May 22d 1946. The letter stated that time would be of the essence. (Exhibit C-10.)
Complainants, with their attorney, Aaron Z. Schomer, a member of the aforesaid law firm, appeared at the place designated on June 10th, 1946. There present, in addition to the last named, were the defendant's attorney, Mr. Glavin, and Mr. Hoffman. The deed as outlined in the proposed contract aforesaid, duly executed by the officers of the defendant corporation, was tendered, with an affidavit of title (Exhibit D-2), and a resolution of the defendant's board of directors authorizing the sale (Exhibit D-3).
The complainants objected to the reservations provided in the deed and refused to accept it. The parties argued the points of difference. Finally, Hoffman, on behalf of the corporation, *Page 353 
agreed to delete five of the objectionable provisions; but he refused to remove the first provision providing: "Subject to such state of facts as an accurate survey may disclose, provided the same do not render the title unmarketable."
Complainants refused to accept the deed with that clause, and requested that passing of title be postponed for one week so that they could obtain a survey and ascertain therefrom if there were any encroachments attaching to the premises. The complainants' counsel offered to leave the consideration in escrow with the attorney for the defendant until the survey was made. Hoffman refused to extend the time for closing title, whereupon the parties dispersed, and this suit for specific performance was instituted.
The complainants were well within their rights in refusing to execute the contract of sale which the defendant submitted to them on May 22d. The option did not require the complainants to"submit a deposit and arrange for a contract" (italics mine). Its terms are clear and specific, and fully express the agreement between the parties. Upon compliance with its provisions the complainants become entitled to a bargain and sale deed conveying the premises in fee-simple, free and clear of all encumbrances. Our courts have decided that where an option to purchase land fails to indicate the title to be conveyed, the law will imply that a conveyance in fee is to be made, and that the option "amounts to an undertaking to convey a complete title in fee-simple, free and clear of encumbrances." Skinner v.Christie, 52 N.J. Eq. 720; 29 Atl. Rep. 772. See, also,Lounsbery v. Locander, 25 N.J. Eq. 554; Patsourakos v.Kolioutos, 132 N.J. Eq. 87; 26 Atl. Rep. 2d 882; affirmed,133 N.J. Eq. 37; 30 Atl. Rep. 2d 27; Behr v. Hurwitz,90 N.J. Eq. 110; 105 Atl. Rep. 486; Moran v. Fifteenth WardBuilding and Loan Association, 131 N.J. Eq. 361; 25 Atl. Rep.
2d 426.
The fact that the defendant did not provide in the option that the title would be conveyed subject to O.P.A. violations or any of the reservations mentioned aforesaid, bars it from inserting them in a proposed deed. The negotiations that followed between the parties after defendant's letter of April 15th, 1946 (Exhibit C-2), did not result in a completed contract *Page 354 
— there was no meeting of the minds, and there was no waiver or abandonment of the option.
Our courts adhere to the principle that impossibility of performance offers no relief from the performance of contractual obligations, and unforeseen contingencies are no excuses for the failure to perform. School Trustees of Trenton v. Bennett,27 N.J. Law 513; Waterworks Equipment Co. v. McGovern, 96 N.J. Eq. 520; 126 Atl. Rep. 411; affirmed, 98 N.J. Eq. 701;130 Atl. Rep. 921; Traurig v. Levin, 102 N.J. Eq. 582; 142 Atl. Rep. 48;Schaefer v. Brunswick Laundry, 116 N.J. Law 268;183 Atl. Rep. 175.
The case of School Trustees of Trenton v. Bennett, supra, holds:
"If a party entered into an absolute contract, without any qualification or exception, and receives from the party with whom he contracts the consideration of such engagement, he must abide by the contract, and either do the act or pay the damages; his liability arises from his own direct and positive undertaking.
 * * * * * * *
"No matter how harsh and apparently unjust in its operation the rule may occasionally be, it cannot be denied that it has its foundations in good sense and inflexible honesty. He that agrees to do an act should do it, unless absolutely impossible. He should provide against contingencies in his contract. Where one of two innocent persons must sustain a loss, the law casts it upon him who has agreed to sustain it, or rather the law leaves it where the agreement of the parties has put it; the law will not insert, for the benefit of one of the parties, by construction, an exception which the parties have not, either by design or neglect, inserted in their agreement."
The option in the instance case is an absolute contract and is one upon which a specific performance suit may be maintained.McCormick v. Stephany, 57 N.J. Eq. 257; 41 Atl. Rep. 840;Thommen v. Smith, 88 N.J. Eq. 476; 103 Atl. Rep. 25; Johnson
v. Bates, 128 N.J. Eq. 183; 15 Atl. Rep. 2d 642. *Page 355 
There was no occasion nor necessity for the execution of any contract of sale, and no deposit could be demanded in the situation. The minds of the parties had met under the terms of the option, which terms were fully expressed therein. All that complainants were required to do under it was to indicate that they would exercise their privilege to purchase, and tender the consideration of $32,000, and they did that.
The fact that the complainants offered a deposit of $500 did not terminate their right under the option provision, nor release the defendant from its obligation to convey, as is indicated by the language in the defendant's letter of May 31st. (ExhibitC-8.)
On June 10th at the meeting in Glavin's office, Schomer, complainant's counsel, tendered to defendant checks totaling $32,000, declaring "I have here in my possession these two certified checks for $32,000. I will give them to you here and now in escrow and let us adjourn to the following Monday at this office, the 17th, to give me a chance to make the survey. If the survey shows no encroachments, we will close next Monday." Hoffman, in answer to Schomer's proposal, said, "Nothing doing." Whereupon, Schomer said, "All right, Mr. Glavin, I will leave with you here and now $32,000. Give me a deed without any of these restrictions." Whereupon, Hoffman again said, "Nothing doing." Schomer then stated: "On behalf of my clients I am ready, able and willing and I offer you $32,000 for a deed in conformity with the option provision in the lease." To which Hoffman replied: "This is the only deed I will give you." It is apparent that the complainants were able, ready and willing to take title if given a deed conveying the premises in fee in accordance with the terms of the option. See Robins v. Mack InternationalMotor Truck Corp., 113 N.J. Law 377; 174 Atl. Rep. 551.
The notice served on the complainants on Friday, June 7th, by the defendant declaring that time was of the essence for the closing to be held on June 10th, was unreasonable. Time is not deemed to be of the essence of a contract unless the parties expressly agree to it, or unless it follows from the nature and circumstances of the transaction. There was no *Page 356 
agreement between these parties that time was to be of the essence. That condition was the arbitrary imposition of the defendant and the pending situation did not call for it.Cranwell v. Clinton Realty Co., 67 N.J. Eq. 540;58 Atl. Rep. 1030; Orange Society v. Konski, 94 N.J. Eq. 632;121 Atl. Rep. 448; affirmed, 95 N.J. Eq. 254; 122 Atl. Rep. 753; Nass v.Munzing, 100 N.J. Eq. 421; 136 Atl. Rep. 344; affirmed, 101 N.J. Eq. 798; 138 Atl. Rep. 922; Caldwell Building and LoanAssociation v. Henry, 120 N.J. Eq. 425; 185 Atl. Rep. 394;Delancey Stockton Corp. v. Reliable Imp. Co., 134 N.J. Eq. 71; 33 Atl. Rep. 2d 848. See, also, Mahaffey v.Sarshik, 101 N.J. Eq. 297; 137 Atl. Rep. 887.
I feel that the complainants are entitled to a decree for specific performance, and shall so advise.