The defendants move to strike the bill of complaint on the ground that it does not state a cause of action. The complainant, the vendee named in a contract for the sale of real estate, prays for specific performance with an abatement of the price. The contract contains these provisions:
"This contract is entered into, upon the knowledge of the parties as to the value of the land and whatever buildings are upon the same, and not on any representations made as to character or quality." (Here follow a number of provisions immaterial to this suit, and then:) "It is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefor, and that there are no encroachments thereon, and that the buildings comply with municipal ordinances and regulations and the provisions of the New Jersey State Tenement House Act as enforced by the State Board of Tenement House Supervision to be shown by the report of the department or board enforcing the same where such ordinances, regulations and said Act apply." *Page 217 
When the day for passing title approached, the complainant obtained reports from the Board of Tenement House Supervision and the Department of Health of Newark which showed that the building on the premises did not comply with the Tenement House Act and the Sanitary Code. The defendants decline to make the sundry repairs and minor alterations which are necessary to correct the condition, or to allow the estimated cost as an offset against the purchase price.
The parties agree that the alleged defects in the building are not an encumbrance or a cloud on the title and that a conveyance of the property in the condition disclosed by the reports would be a fulfillment of the defendants' obligation to convey a marketable title, free from all encumbrance. Complainant urges that the part of the contract which I have quoted is a warranty by the vendors of the condition of the building or an agreement by them to do whatever may be necessary in order that at the time of passing title, the building will meet the requirements of the Tenement House Act and the Sanitary Code. The defendants, on the other hand, say that this provision is only a statement of the belief of the parties concerning the condition of the building and one of the bases on which their contract rested; that upon learning of their mistake, the complainant was at liberty to rescind and to receive back the deposit which had been made on account of the purchase price, and that this is the extent of complainant's right.
In a written contract, the clause "It is understood and agreed" that one of the parties shall perform a certain act, is universally interpreted as a covenant by him to do the act. Likewise, "It is understood and agreed" that property owned by or under the control of one party shall be in a specified condition on a future day, is an undertaking by that party that it shall be so. Higginson v. Weld (Mass.), 14 Gray 165. Where, instead of the future, the present tense is used, the meaning is not so clear, but I believe that most business men would read the provision found in the contract before me, in the sense proposed by complainant. The identical provision now under consideration has been before our courts on several occasions. Merlis v. G. M. Corp., 143 Atl. Rep. 139; Schultz *Page 218 
v. Pollock, 102 N.J. Eq. 157; 104 N.J. Eq. 205; Strell v.Zisman, 136 Atl. Rep. 801; affirmed, 103 N.J. Eq. 25. InMoran v. Borello, 4 N.J. Mis. R. 344, where the building did not comply with the Tenement House Act, the Supreme Court affirmed a judgment in favor of the vendee for the amount of the deposit on the purchase price and for search fees. While the deposit could be recovered as money paid by mistake, I surmise search fees could be included in the judgment only as damages flowing from the breach of a contractual obligation. These cases tend to support complainant's position, and I am satisfied that it is correct.
Abatement of the purchase price in specific performance cases is usually found where the vendor is unable to convey the entire title contracted for. But abatement has also been awarded where the vendor failed to complete a building in accordance with his agreement. Storch v. Tepperman, 99 N.J. Eq. 48. The motion to strike will be denied.