The complainants prosecute this cause to obtain a decree obliging the defendants as vendors to specifically perform a contract executed on April 25th, 1947, for the conveyance to the complainants of certain land and premises situate in the City of New Brunswick.
The contract contains the following covenant:
"It is understood and agreed that the buildings upon said premises are all within the boundary lines of the property as described in the deed therefor, and that there are no encroachments thereon and that the buildings comply with municipal ordinances and regulations and the provisions of the New Jersey State Tenement House Act as enforced by the State Board of Tenement House Supervision, to be shown by the report of the department or board enforcing the same where such ordinances, regulations and said Act apply."
Prior to the date designated for the consummation of the sale, the Board of Tenement House Supervision at the request of the complainants inspected the premises and also on May 21st, 1947, reported that the premises were not in conformity with the statutory requirements to legalize their use and occupancy as a four-apartment tenement. The necessary alterations were enumerated in the report. It is alleged that the defendants have declined either to correct the deficiencies or to compensate for them by a reduction of the purchase price. The complainants therefore pray for specific performance of the conveyance with an abatement of the price. Cf. Jersey Estates Corp. v. Weintraub,140 N.J. Eq. 216; 53 Atl. Rep. 2d 817; Storch v.Tepperman, 99 N.J. Eq. 48; 131 Atl. Rep. 266; Moran v.Borrello, 4 N.J. Mis. R. 344; 132 Atl. Rep. 510.
The defendants in their answer to the bill of complaint disaffirm by means of a general denial the alleged existence of any infraction of the covenant. Ex consequentia, the solicitors of the complainants have propounded and addressed to the defendants certain interrogatories, 15 in number, which the solicitors of the defendants conceive to be improper and objectionable. Chancery Rule 84. The matter of immediate concern is the application for an order requiring the defendants to answer the interrogatories. *Page 110 
While interrogatories are not properly to be employed merely for exploratory purposes, yet in recent years their serviceable and pragmatical function in more precisely exhibiting and frequently reducing the genuine controversial issues of a cause has become more cogently recognized and their use more liberally encouraged, especially where the pleadings leave the plastic issues in a somewhat vague and indistinct state.
Here the general denial of the answer commits one to speculation as to whether it is intended to aver (1) a misinterpretation of the statute, (2) its lack of application, or (3) that the physical conditions are in fact in conformity with the statutory requirements. Moreover, I would suppose that the evident and obvious character of the material physical conditions, the number of apartments, baths, and tenants living independently of each other and "doing their cooking upon the premises," and such other relevant factual circumstances might well be removed from the field of substantial dispute. The time and attention of courts ought not to be improvidently dissipated in the hearing and consideration of spurious skirmishes.
I would approve interrogatories designed to elicit information concerning the subjects to which I have referred and others based appropriately upon the specifications of necessary alterations contained in the report of the Board of Tenement House Supervision, but they should in point of time relate to the date of the contract, the date designated by the contract for the transmission of title, and the date (June 13th, 1947) when the complainants called upon the defendants to perform the agreement.
New interrogatories may be prepared and served upon the defendants. The present application is denied, costs to abide the final disposition of the cause. *Page 111