**FAST, Incorporated v. SHANER et al.**

**No. 10218.**

United States Court of Appeals
Third Circuit.

Argued June 9, 1950.

Decided July 6, 1950.

Thomas Raeburn White, Philadelphia, Pa. (W. Thomas McGann, Moorestown, N. J., C. Laurence Cushmore, Jr., White, Williams & Scott, all of Philadelphia, Pa., on the brief), for appellant.

Robert V. Bolger, 2d, Philadelphia, Pa., (Frank Rogers Donahue, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

█ This is an action to recover damages for breach of contract. It is in federal court by reason of diversity of citizenship only. Therefore, our problems are to find, first, what state law is applicable and, second, to ascertain what that law is. The action was brought in the United States District Court for the Eastern District of Pennsylvania. We therefore apply the choice of law rules which a Pennsylvania court would apply.

The first agreement between the parties could have been found to have taken place as a result of interstate communication between the defendants in Pennsylvania and the plaintiff in New Jersey. The subject-matter of the contract was some excavation and building work at a race track near Atlantic City, New Jersey. The jury could have found the agreement to be that if the plaintiff would supply figures for a certain portion of the work and if the defendants were low bidders and awarded the contract on the main job, then the plaintiff would be employed to do that part of the work for which he had furnished the figures.

█ After the figures were furnished and the defendants had made a bid, the persons for whom the work was to be done modified their plans somewhat and eliminated part of the proposed project. It, therefore, became necessary for both plaintiff and defendants to resubmit figures. This was done. The modification of the original contract could have been found to have taken place through telephone conversations between the two parties in New Jersey. Whether upon analysis we find this originally a Pennsylvania contract with a New Jersey modification or find that the subsequent conversation created a contract supplanting the original agreement is not important. If this is a New Jersey contract the Pennsylvania court will refer it to New Jersey law. Restatement, Conflict of Laws §§ 332, 358 and Pa.Annot. thereto. If it is a Pennsylvania contract modified by an ancillary agreement made in New Jersey, New Jersey law will apply to the modification. In any event, however, we have found no conflict upon the point here involved in the law of the two states and, therefore, need not further pursue the analysis of this issue.

We start with an agreement, which the jury could have found, by which the defendants have promised the plaintiff, in consideration of the plaintiff's submitting figures, estimates, etc., that if the defendants are the low bidders and awarded the contract then plaintiff is to have the sub-contract.

There is evidence to show the following facts. It appeared that when the bids were

examined the defendants were the low bidders. They, therefore, were to be awarded the contract. But Mr. Kelly, president of the corporation for whom the work was to be done, asked the defendants who the subcontractor was to be. Upon being told that it was to be the plaintiff, Mr. Kelly objected and said that he had had difficulties with the plaintiff in a former dealing and that the plaintiff was unacceptable. The defendants thereupon named another corporation as their sub-contractor and went ahead to close the bargain with the Racing Association, leaving the disappointed plaintiff to find out some days later that he had been left by the wayside.

Much of the discussion on this appeal has turned on the question whether, under New Jersey law, impossibility of performance excuses a defendant who has failed to perform his promise. The trial judge told the jury that if Mr. Kelly told the defendants that they would not be awarded the contract if plaintiff was to be the sub-contractor, this would be a defense for the plaintiff's claim against the defendants.

This we think was error for several reasons. First, it is not at all clear that impossibility to perform really gets into the case. It is true that there is testimony that Mr. Kelly said that the plaintiff was not acceptable as a sub-contractor. But there was also testimony that the difficulty of which Mr. Kelly complained had been under a principal contractor, not the plaintiff, and whether the plaintiff was responsible for the difficulty, we do not know. In any event, there was no attempt on the part of the defendants here to get at the facts and to induce Mr. Kelly's corporation to reconsider the matter.

Second, it appears from the testimony that the defendants were not committed to this contract at the time the inquiry was made about the identity of the sub-contractor. It may well be that the defendants, finding the plaintiff was objected to, jettisoned him and went ahead with another because they wanted the advantage of the contract. If so, the impossibility, if any, was created by the defendants' own act.

■ Third, we do not think this is the kind of impossibility which is a defense to an action for breach of contract either by general law or under the law of New Jersey. It is perfectly clear that in general a man may bind himself to a promise to do what it is physically impossible for him to accomplish. If an elderly judge, for good consideration, promises to run 100 yards in 10 seconds and then fails to perform he can hardly be held to puff out the defense that he could not possibly run that fast. As the Restatement points out, there is a difference between "'the thing cannot be done'" and "'I cannot do it.'" Restatement, Contracts § 455, Comment a. We think this case on its facts is almost identical with Illustration 6 to that section. It reads as follows: "6. A contracts with B to obtain A's father's consent to the lease of certain premises to B. A's father, because of unreasonable displeasure with A's conduct, refuses to have any discussion with A concerning the matter. A's duty is not discharged."

■ This general rule is fully borne out by the New Jersey decisions. What appears to be a leading case is Schaefer v. Brunswick Laundry, Inc., 1936, 116 N.J.L. 268, 183 A. 175. The court said in that case that impossibility of performance generally offers no relief whether the impossibility could or could not be foreseen at the time of making the contract. The three exceptions noted are (1) where impossibility arises by operation of law; (2) where a thing necessary to performance is destroyed; (3) where the contract calls for personal service and one of the parties dies.

The doctrine thus enunciated has been subsequently quoted with approval in Ryan v. Brown Motors, Inc., 1944, 132 N.J.L. 154, 39 A.2d 70 and Schwartz v. Hoffman Foundation & Holding Corp., 1947, 139 N.J.Eq. 349, 51 A.2d 240.

We think it clear that even had the defendants endeavored to secure the Racing Association's approval of the plaintiff as sub-contractor, impossibility would constitute no defense to the plaintiff's claim.

The plaintiff asks that judgment be entered in his favor or, in the alternative, for a new trial. Obviously, he would prefer the first and there is additional force to his argument for that course because there is

seemingly no dispute between the parties as to the damages.

We deem it advisable, however, not to order judgment for the plaintiff. The modification of the contract referred to above was made in a telephone conversation. There is not great disparity between the claims of the plaintiff and the admissions of the defendants as to what was said and who said it. But the stories do not coincide completely. There was a general verdict by the jury in favor of the defendants. We have no means of knowing how much the jury was influenced by any doubt there might be concerning the terms of the agreement. We think it best, therefore, that the case be returned for a new trial.

The judgment of the District Court will be reversed and the case remanded for further proceedings in accordance with this opinion.